## EUGENE B. BUFFENDEAU *v.* POWHATTEN E. EDMONDSON.

NOTICE OF APPEAL—WHEN SERVED.—An appeal will be dismissed on motion, if a copy of the notice of appeal is served on the opposite party before the day on which the original is filed in the Clerk's office.

SAME—WHEN FILED.—The filing of a notice of appeal must precede or be cotemporaneous with the service of a copy of the notice on the adverse party.

UNDERTAKING ON APPEAL—WHEN FILED.—A copy of the notice of appeal filed must be served on the opposite party before or at the time of filing the undertaking. The third section of the Act of 1861, entitled "An Act to regulate appeals in this State," was intended to relieve appellants from defects of form and deficiencies in substance apparent on the face of notices of appeal.

APPEAL from the District Court, Third Judicial District, Alameda County.

Buffendeau, the plaintiff, recovered judgment in the Court below, and the defendant appealed.   The other facts are stated in the opinion of the Court.

*B. W. Brooks,* for Appellant.

*J. C. Cary,* for Respondent.

By the Court, CURREY, J.

When this case was called in its order on the calendar, the respondent, by his counsel, in pursuance of notice given for the purpose, moved the Court to dismiss the appeal, on the ground that the copy of the notice of appeal was served on the attorneys for the respondent two days before the notice itself was filed in the Clerk's office of the Court wherein the judgment and order from which it was desired to appeal were entered.   The record shows that the notice of appeal was filed on the 27th day of July, 1863, and that a duplicate thereof was served on the respondent's attorneys on the 25th day of the same month, and that on the day of the filing of the notice an undertaking on appeal, executed on the 25th of July, was also filed.

The three hundred and thirty-seventh section of the Practice Act provides that an appeal in a civil case shall be made by filing with the Clerk of the Court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a copy of the notice upon the adverse party or his attorney.

By this section of the statute the filing of the notice of appeal is made a constituent element of its character as a notice, and consequently must precede or be cotemporaneous with the service of a copy of the notice on the adverse party, otherwise that which may purport to be a copy of a notice, or a duplicate thereof, fails to be such for the want of an original or counterpart.   This section of the Act does not provide, in terms, within what time the copy of the notice must be served ; but, considered in connection with sections three hundred and

forty-eight, three hundred and forty-nine, three hundred and fifty, and three hundred and fifty-two of the Act, requiring an undertaking to be executed and filed, or a deposit made as therein specified, to render the appeal effectual, and also in connection with section three hundred and fifty-five, which gives to the respondent five days after the filing of the undertaking within which to except to the sufficiency of the sureties therein named, it follows that the copy of the notice filed must be served on the proper party before or at the time of filing the undertaking. This construction is rendered imperative in order to secure to the respondent the full five days from the filing of the undertaking within which to except to the sufficiency of the sureties. To comply with these provisions of the Act is a matter of no inconvenience because of the residence of the attorneys of the respective parties in different places, inasmuch as the Act provides a mode of service by mail in such case, at once convenient and effectual. (Practice Act, Sections 520, 521, 522.)

In *Warner* v. *Holman*, 24 Cal. 228, the late Supreme Court first determined that the judgment in that case ought to be affirmed, and then proceeded to consider the objection made by respondent's counsel, after having argued the case upon its merits, to the effect that the copy of the notice of appeal was served three days before the notice itself was filed with the Clerk of the Court below. The record disclosed the fact to be in accordance with the objection; upon which the Court ordered the appeal dismissed. On a rehearing, this Court, doubting the correctness of the judgment dismissing the appeal, directed the judgment to be vacated, on the ground, though the opinion in the case does not express it, that the respondent, by counsel, had appeared and argued the case upon its merits, whereby he became estopped from denying that a copy of the notice of appeal had been served at the proper time, notwithstanding the record failed to show a copy of the notice duly served. In this case the respondent has not become concluded by his appearance, which is only for the purpose of making an application to dismiss the appeal for the cause stated;

and the decision of this Court in *Warner* against *Holman* is in no respect, when understood, inconsistent with the rule laid down in this case.

The appellant having failed to serve on the respondent's attorneys a copy of the notice of appeal filed on his behalf, as required by the statute, the motion should be granted, and the appeal dismissed, and it is accordingly so ordered.

By the Court, CURREY, J., on petition for rehearing.

The defendant, by his counsel, has applied to this Court to grant a rehearing of the motion heretofore made on behalf of plaintiff to dismiss the appeal in this case. This application is founded on the third section of the Act of 1861, entitled "An Act to regulate appeals in this State," which reads as follows : "No appeal shall be dismissed for insufficiency of the notice of appeal or undertaking thereon ; *provided*, that a good and sufficient undertaking, approved by a Judge of the Supreme Court, be filed in the Supreme Court before the hearing upon motion to dismiss the appeal, and upon payment of such reasonable costs as the Court may adjudge ; *provided*, that the respondent shall not be delayed, but may move when the cause is regularly called for the disposition or dismissal of the same, if such undertaking be not given." (Laws of 1861, p. 589.)

It is insisted by defendant's counsel that this Court has not the power to dismiss an appeal for insufficiency of the notice, and for that reason the judgment of dismissal should be vacated and the cause restored to the calendar. The section of the Act of 1861 above cited presupposes the existence of a notice of appeal, to which the word *insufficiency* stands in qualifying relation. The question of the insufficiency of the notice was not involved in the determination of the motion to dismiss the appeal ; but the point made by the party moving, and which was considered by the Court, was that the proceedings which the 337th section of the Practice Act requires shall be taken in order to constitute an appeal, had not been taken.

13

The construction which the counsel claims for the Act of 1861 would give it the effect to abrogate the conditions on which the fact of a subsisting appeal must of necessity depend. In our view, the Act of 1861 was intended to relieve appellants from the results which, without it, would be likely to happen in consequence of defects of form and deficiencies in substance apparent on the face of notices of appeal; but we cannot find in this Act any authority for excusing, in any case, performance of the acts necessary to effect an appeal in accordance with the provisions of the 337th section of the Practice Act—viz: the filing and service of notice—and without the performance of which acts the appellate Court could not acquire jurisdiction.

The petition for a rehearing must be denied.

Mr. Justice SHAFTER, having been of counsel in another case involving a like question, did not sit on the trial of this.

SAWYER, J., expressed no opinion.