Mr. Justice RHODES expressed no opinion. ✓

---

## JAMES M. WARNER *v.* D. B. HOLMAN.

EXCEPTION TO FINDING OF FACTS.—A judgment rendered in an action tried by the Court without a jury will not be reversed for a defective finding of facts, unless exceptions are taken in the Court below to the defective finding, particularly specifying the defect, and the bill of exceptions is settled by the Judge, as in other cases.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

*Whitman & Wells,* for Appellant.

*John Currey,* for Respondent.

By the Court, CROCKER, J.

This is an action to recover a sum of money due upon a contract to construct a road, executed by the defendant to the plaintiff. The case was sent to a referee to take the testimony. The testimony was taken and reported to the Court, and the Court filed the following findings thereon : " This cause came on to be tried by consent of parties without a jury, before the Court, and the Court having heard the evidence in the cause, finds that the plaintiff performed the labor and services by him alleged, at defendant's request and by his employment, and is entitled to have and recover of and from the defendant the sum of one thousand four hundred and twenty-five dollars and the costs of this action." To these findings the defendant objected, and excepted that the findings

James M. Warner *v.* D. B. Holman.

of fact and conclusions of law are not separately stated, that they are defective and insufficient in not finding the facts put in issue by the pleadings. Written exceptions were filed, specifically and particularly designating the particular facts in which the findings were defective, as required by section two of the Act of May 20, 1861. (Statutes 1861, p. 589.) The facts thus omitted in the findings were put in issue by the pleadings, and evidence was introduced respecting them ; but the Court failed to remedy the defect thus pointed out and excepted to. The exceptions were filed within two days after the findings were filed, but they do not appear to have been "settled by the Judge," as required by the Act in question. In fact, the record does not show that they were ever brought to the attention of the Judge until the hearing of the motion for a new trial, which was nearly six weeks afterward. It is true that the defendant asked the Court, before the findings were drawn or filed, to find certain specified facts, which the Court refused to do ; but that proceeding is not within the statute referred to. To make these exceptions available, they should have been brought to the attention of the Court, that it might remedy the alleged error ; and upon failure to do so, the exceptions should have been settled by the Judge, as required by the statute.

The next point is that the findings and judgment are against the evidence. We think there is sufficient evidence to sustain the judgment, and the parties seem to have had a fair trial.

The respondent objects that the notice of appeal was not properly filed and served, and therefore moves to dismiss the appeal. The notice of appeal was filed February 23, 1863. It is dated February 19th, and the affidavit of service states that it was served February 20th, which was three days before it was filed. In *Hastings* v. *Halleck*, 10 Cal. 31, it was held that the service of the notice of appeal should be made *after* or at the time of the filing of the notice. This motion must, therefore, be sustained.

The appeal is therefore dismissed.

On petition for rehearing. By the Court, SHAFTER, J.

The petition for a rehearing in this cause upon the merits must be denied ; but, inasmuch as we have serious doubts as to the correctness of the judgment dismissing the appeal on the ground of alleged defects in the notice, that judgment is vacated, and instead thereof, a judgment affirming the judgment of the District Court is directed.

Petition denied and judgment affirmed.

[The above case was decided at the October term, 1863, by the late Supreme Court, but a rehearing was asked, which was denied by the present Court.—REPORTER.]