## FOSTINA E. HURLBURT v. GEORGE F. JONES.

EVIDENCE.—It is not error for the Court to reject testimony offered by the plaintiff to prove allegations of the complaint which are admitted by the answer.

SOLE TRADER.—If a husband arranges with his wife that she engage in business as a sole trader for the mere purpose of shielding their joint earnings against the existing and subsequent creditors of the husband, and with the understanding between them that the property used in or acquired by the business shall belong to both, and the husband have power to dispose of it, this is a fraud upon the creditors, and the property is liable for the husband's debts.

SAME.—If a husband embarrassed with debt makes a settlement upon or conveys to his wife, as sole trader, property, for the purpose of delaying or defrauding his creditors, the conveyance is void.

FINDINGS OF FACT.—If the findings of fact of the Court below are defective, and no objection is taken to them on that ground in the Court below, the objection cannot be raised in the Supreme Court.

APPEAL from the District Court, Fifteenth Judicial District, Colusa County.

On the trial in the Court below, when plaintiff offered the lease from Ord to her in evidence, defendant objected to the same because there was a subscribing witness.

The Court sustained the objection.

The other facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellant.

The lease should have been admitted in evidence.

The rule in regard to error is correctly stated in the case of *Jackson* v. *Feather River Co.*, 14 Cal. 25, viz:

"Every error in the Court below in the rejection of evidence is *prima facie* an injury, and it rests with the other party

29

clearly to show that no hurt would have been done, or was done by the error."

The Court will see that it is not possible that the Court below should have considered the execution of the lease proved when it expressly held that our evidence was insufficient. (See *Verzan* v. *McGregor*, 23 Cal. 339.)

It is urged by respondent's counsel in substance, that the finding of the Court below to the effect that we had shown no item of property used in our business but what came from the husband, must be considered as conclusive, because we failed to except thereto in the manner pointed out by the statute of 1861.

The Act of May 20th, 1861, has no application to this case, as it has special reference to cases in which appeals have been or are taken directly from the judgment, and where parties rely for a reversal upon the fact that the Court below had failed to file any finding, or that the finding filed was defective. In such cases the object of the statute was to oblige parties to first challenge the correctness of the findings in the Court below, or to demand of the Court that it file a finding.

This statute was passed to meet the views of this Court in *Duff* v. *Fisher*, 15 Cal. 375, and since then the rule has been held that on an appeal from the judgment (without the intervention of an application for a new trial) this Court would not reverse because there was no finding, or a defective finding, without the attention of the Court below was specially directed to the defect, and it refused after such request to make the necessary correction. This is the statute of 1861, and as will be seen, it refers alone to the correction of judgments on appeal in cases where there has been no finding, or a defective finding.

It has nothing to do with the practice of challenging the correctness of findings of fact upon motions for a new trial, which is this case.

*Robinson & McConnell*, for Respondent.

By the Court, SHAFTER, J.

This is an action brought by a married woman, to recover the possession of a certain quantity of wheat levied on by the defendant, as Sheriff of Colusa County, as the property of her husband. The plaintiff claims to own the wheat as sole trader, under the Act of 1852.

The answer first denies the principal allegations of the complaint. Second, justifies the seizure complained of, on the ground that the plaintiff became a sole trader, or operator, in " a general ranching business" in 1857, for the purpose of hindering, delaying and defrauding the creditors of her husband, and it is further alleged that the seizure in question was made by virtue of a writ of attachment, issued in an action brought against the husband by one of his creditors, in 1862 ; and that the wheat was in fact the property of the husband.

The trial was by the Court, and the judgment rendered was in favor of the defendant. The appeal is taken from the judgment, and from the order overruling plaintiff's motion for a new trial.

1. On the trial the plaintiff offered in evidence a lease to the plaintiff from one Robert Ord, executed October 20, 1858, and offered to prove by Ord the execution of the lease. On objection taken by the defendant, the lease was excluded, and the plaintiff excepted.

The execution of the lease was charged in the complaint, and it was further averred that the lease was of the land upon which the wheat in question was raised ; and neither of the allegetions was denied in the answer.

The execution of the lease was not in issue, and we do not consider that the Court erred in excluding evidence that had no bearing upon any of the points in controversy. Had the answer not admitted that the wheat was raised upon the land included in the lease, it might have been proper for the plaintiff to give her lease in evidence for the purpose of applying the lease by proper proof to that land. But in view of the fact that the authenticity of the lease and its application to

the land on which the crop was raised were both admitted, the ruling of the Court cannot be considered as erroneous.

But it is insisted for the appellant, that it is apparent from the findings that the Court, in deciding the case, failed to notice the state of the pleadings in relation to the execution of the lease.

To this objection it is sufficient to say, that if the ruling of the Court excluding proof of the lease was not erroneous at the time it was made, it could not have become so thereafter by the inattention alleged.

2. It is further insisted by the appellant that the findings of the Court are not supported by the evidence, and that the decision is against law.

The findings, the correctness of which is questioned by the plaintiff, are those relating to the special defense set up in the answer.

If a husband, embarrassed with debt, should make a voluntary settlement upon his wife; or should he in like manner convey to her, as sole trader, any considerable portion of his estate, the conveyance would, or at least might be, void as to the existing and subsequent creditors of the husband. But that case is not this. Here the wife was not endowed by the husband at the time when her declaration was filed, nor was there any evidence introduced at the trial tending to prove that he ever transferred to her any property of his thereafter.

If, however, the husband of the plaintiff, being embarrassed with debts, arranged with his wife in 1857 that she should engage nominally in the business of ranching, as a sole trader under the Act of 1852, for the mere purpose of shielding their several and joint earnings against existing and subsequent creditors of the husband, it being further understood between them that all crops, as well as all issues and profits, should belong to him as between the two, and that the absolute power of disposing of them should remain with him, we consider that such agreement would be not only foreign to the object contemplated by the Act of 1852, but a manifest fraud upon it.

Assuming that the arrangement between the plaintiff and her husband was of the character suggested, then when the wife took her lease from Ord, in 1858, she held it in trust for her husband or as common property; and when the wheat was harvested thereafter, in 1862, she held that in like manner. The Act of 1852 is not fulfilled by a married woman making, recording· and advertising a declaration of intention to carry on business in her own name, nor by her so carrying it on in fact. These formal requirements can be very easily complied with. The substantive provision of the Act is, that, these forms having been duly observed, the woman shall, in good faith, actually carry on the business thereafter "on her own account." But if she prosecutes the business on her husband's account in fact, and with a view to shield his or the joint earnings, against the rights of existing or subsequent creditors as a principal purpose, she is entitled to no protection.

From an examination of the testimony and findings we are satisfied that the case was tried and determined upon the theory last suggested. There was evidence in the case tending to prove all the facts upon which that theory proceeds, and though opposed, to some extent, by other facts proved by the plaintiff, still we cannot grant a new trial where the evidence is in conflict.

The findings are objected to as defective. They are so, and perhaps to a greater extent than the appellant claims. The facts as found are, with some exceptions, secondary and not final—mere matters of circumstantial evidence rather than facts entering as terms into propositions of law. But no exception was taken to the findings as defective, as required by the Act of 1861. Strictly, the case should, perhaps, be treated as a case without a finding, and without exception taken for the want of it, and under that aspect we must presume that the Court found from the testimony all the facts essential to the defense. ·

Judgment affirmed.