ROBERT C. BROOKS et al., Appellants, v. WM. M. LUBBOCK, Respondent.

No. 299; April 14, 1865.

Appeal.—The Notice of Appeal is a Document of Which the trial court has exclusive control, and the supreme court has no power to allow an amendment of either it or the admission of service having reference to it.

APPEAL from Fourth Judicial District, San Francisco County.

Ryan for appellants; Wise for respondent.

RHODES, J.—The plaintiff's motion for a new trial was denied July 11, 1862, and his notice of appeal from the order denying the new trial, and from the judgment, was filed October 16, 1862; and from the record, it appears that the notice was served upon the defendant's attorney, October 7, 1862. The defendant moves to dismiss the appeal. The service was not sufficient to constitute an appeal, accepting the dates in the record as the true dates: Buffendeau v. Edmondson, 24 Cal. 94. But the defendant, in order to avoid the consequences that must result from a service of the notice prior to its being filed in the court below, has filed in this court several affidavits, for the purpose of proving that the service was, in fact, made on the same day the notice was filed, and that the acknowledgment of service given by the defendant's attorney was antedated. It is unnecessary to inquire whether the affidavits do show that the service was made on the day the notice was filed,

for if they clearly showed such to have been the case, they could not be regarded by this court.

Causes brought to this court on appeal are heard upon a record consisting of copies of the proper portions of the record in the court below, and of papers filed in that court. The provisions of the Practice Act, as well as the rules of this court, unmistakably indicate that the record brought to this court must consist of a transcript of the requisite portions of the record and papers in the court below, and not of original papers filed in this court. In case the transcript of the record does not contain the requisite matter, or is in any respect incorrect, it may be amended or corrected by the record or papers remaining in the court below, upon suggesting to this court a diminution of the record. If any portion of the record or papers in the court below has been lost or destroyed, their loss may be supplied in the court below, as was stated in Buckman v. Whitney, 24 Cal. 267; and if the document of which a transcript is required is incorrect, doubtless the court below has the power, upon proper proceedings, to make it conform to the truth; but whether the court below possesses the requisite power, or not, it is certain that this court has no authority to supply a lost document or record in the court below or to alter or amend those belonging in such court, in any respect or for any purpose. If this court should amend the admission of service of the notice of appeal, as it exists in the transcript filed in this court, by striking out the 7th of October, and inserting the 16th of October, it would in effect amount to an amendment of a document in the court below, and of which that court has the exclusive control, or the transcript would not be a true copy of the record and documents in the court below, and it being such, the cause would not be entitled to be considered by this court.

Appeal dismissed.

We concur: Sanderson, C. J.; Currey, J.

Justices Sawyer and Shafter, being disqualified, did not participate in the decision of this case.