## W. H. LYONS *v.* C. M. LEIMBACK *et al.*

OMISSION IN FINDINGS OF FACT.—Where the findings in a case tried by the Court do not contain all the facts necessary to be proved in order to entitle the prevailing party to a judgment, it will not be reversed on appeal unless the Court below has, after the defect has been pointed out, failed or refused to make the required finding, and an exception has been taken thereto.

PRESUMPTION THAT FACTS NOT FOUND WERE PROVED.—If the findings are defective, the presumption is that the facts not found were proved, unless the Court below is requested to supply the defect, and fails or refuses to do so.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The facts are stated in the opinion of the Court.

*P. L. Edwards,* and *H. H. Hartley,* for Appellant.

*M. M. Estee,* and *W. W. Upton,* for Respondent.

By the Court, RHODES, J.

This is an action of ejectment which was tried by the Court, and the defendants had judgment. The appeal is taken from the judgment, and the cause comes before us upon the judgment roll alone, there being neither a statement nor a bill of exceptions annexed to the record.

The plaintiff claims under a patent from the United States, issued to him in 1860 ; and the defendants claim under a certificate of sale, issued to J. H. Barton by this State, on the sale of the premises as a portion of the lands selected by the State under the Act of the Legislature, passed April 23d, 1858, in part satisfaction of the grant of five hundred thousand

acres of land, made to the State by the eighth section of the Act of Congress of the 4th of September, 1841.

The points made by the appellant are presented for the purpose of establishing the proposition, that there was not a compliance by the defendant's grantor with the laws of the United States or of this State, in relation to the selection and sale of lands under the grant of Congress, and therefore no title passed to him from the United States; but those points cannot be made on the record before us. The complaint is in the form usual in actions of ejectment, and all the facts alleged therein are put in issue by the general denial in the answer. The finding does not respond distinctly to the several issues, either specifically or generally, and is composed mainly of evidence, and contains but few of the facts of the case. Previous to the passage of the Act of 1861 to regulate appeals (Stats. 1861, p. 589), it was intended that a Court trying a cause without a jury, should state in the finding all the facts that might be necessary, in addition to those admitted by the pleadings, to constitute a basis for the judgment—that is to say, if the finding was for the plaintiff, that the facts found and those admitted should constitute a complete cause of action within the allegations of the complaint; and, if for the defendant, that the facts found and those admitted should constitute a defense to the action. A finding containing less than we have stated, would answer no conceivable purpose, for if it lacked one fact essential to the support of the judgment it was as radically defective as if lacking all of them.

### Finding of facts.

The statute of 1861, which we have referred to, has obviated the necessity of preparing the finding with the precision we have mentioned, and, indeed, of filing any finding, unless objections are made in the Court below on account of a defective finding, or for the want of a finding. The Act declares that the judgment shall not be reversed "for want of a finding, or for a defective finding of the facts, unless exceptions be made in the Court below to the finding or the want of a

finding." The finding referred to in both cases is obviously the finding of facts, and does not include the conclusions of law, for a decision of the cause could not be said to be given, unless the conclusions of law from the facts in the case were either stated specifically, or combined in a general statement, as that judgment be entered for the prevailing party, or that he is entitled to recover, or the like. With this statute operating in respect to the finding with greater curative qualities perhaps than any statute of amendments and *jeofails* that can be found, it is of no consequence that the finding is defective in its statement of facts found, unless objection on that ground is made in the Court below. In case the facts found are entirely inconsistent with the decision, and cannot be reconciled with any state of facts which might have been proven, and upon which the decision may be supported, the judgment doubtless would be reversed; but that is not a defective finding of facts. The point presented by the plaintiff that " on the part of the respondents and their grantor there has been no compliance either with the laws of the United States or of the State," means, of course, that such a compliance was not found by the Court—that the finding is defective, because it does not contain all the facts necessary to show a compliance with the laws of the United States and this State, and thus to make it appear that a complete and valid title passed from the United States to the defendant's grantor, before the issuing of the patent to the plaintiff. Questions as to the sufficiency of the evidence to prove those facts are not involved in the point, for there is none of the evidence in the record except what is improperly incorporated into the finding. But the point falls clearly within the Act of 1861, and it affords an instance of the mode of practice which it was intended should be changed by the statute. The plaintiff, without having brought the defects in the finding to the attention of the Court below, and thus given it an opportunity to supply the omitted facts, which, in consequence of the decision for the defendant, it is presumed were established by proof (*Owen* v. *Morton,* 24 Cal. 377) now asks this Court to hold that the finding, which he did not

complain of in the Court below, does not contain facts suffi-
cient to warrant the judgment.    The statute declares that the
judgment shall not be reversed because of the omission from
the finding of a part or all of such facts, unless the Court
below has, after the defect has been pointed out, refused to
make the proper finding.    (*Warner* v. *Holman*, 24 Cal. 228 ;
*Cook* v. *De la Guerra*, Id. 241 ; *Hurlburt* v. *Jones*, 25 Cal. 229.)
    Judgment affirmed.