## WILLIAM JAMES *et als.* v. WM. H. WILLIAMS *et als.*

FINDINGS OF FACT.—If the Court does not draw up a written finding of all the facts put in issue, and no exception is taken for want of a finding, the presumption is that those facts necessary to sustain the judgment, and not contained in the findings, were found by the Court.

QUESTIONS TO BE RAISED ON FINDINGS OF FACT.—The only question that can be raised in the appellate Court upon the findings, if no exception is taken to them, is, are they consistent with the judgment.

EVIDENCE NO PART OF FINDINGS OF FACT.—Neither the opinion of the Court nor the evidence form any part of the findings of fact, although incorporated therein by the Court. In looking at the findings the Court will only consider the ultimate facts found.

CONSIDERATION OF THE EVIDENCE.—The objection that the evidence does not warrant the judgment, can be entertained only on motion for a new trial.

ENLARGEMENT OF DITCH.—If the owner of a ditch is entitled to all the water flowing down the stream where the ditch starts out, other parties having ditches on the same stream cannot complain of its enlargement.

APPEAL from the District Court, Second Judicial District, Butte County.

In 1857 a company located a right of way for the purpose of cutting a ditch around the side of Table Mountain, Butte County, in order to gather the water flowing down the ravines, to convey it to mining claims at Cherokee Flat, and at the same time the company claimed the right to appropriate the water in the ditch when constructed. In order to make the ditch it was necessary that two tunnels should be run through intervening hills. In 1857 work was commenced in the tunnels, and a line of ditch marked to a ravine known as Third Ravine. In 1858 work was commenced on the ditch. In

March, 1858, the company let a contract to one Beveridge to complete the tunnels, and he commenced work, but he soon after relinquished his contracts, and July 30, 1859, sued the company for his labor, and obtained judgment for seven hundred and sixty-two dollars and thirty-eight cents. On this judgment execution was issued, and the right of way for the ditch and claim of water were sold to one Smith, and through him the title came to plaintiffs March 7, 1864. In March, 1859, the company let a contract to McGregor & Newton to complete the tunnels and ditch, and agreed to give them possession of the ditch and water until they had been paid for the labor they expended in completing the job. While McGregor & Newton were in possession of the ditch, Vergan obtained the title of the ditch company under the Beveridge judgment, and on the 14th of February, 1861, sued McGregor & Newton to obtain possession of the property. This case is reported in 23 Cal. 340. The property was in litigation from this time until March, 1864, when the title came to plaintiffs, who then immediately went to work and completed the ditch.

After the location and claim made by the company under whom plaintiffs claim, defendants dug a ditch along the side of the mountain to convey the water to their claims.

Plaintiffs recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.


By the Court, RHODES, J. :

The first appeal having been dismissed, the second was taken too late to permit the appeal from the order denying the defendant's motion for a new trial to be heard, and consequently it stands on the judgment roll alone.

No objection is made to the complaint as being insufficient to warrant the relief granted, and we think it states facts, which if true, entitle the plaintiff to such relief as is prayed for. And if no one of the facts therein stated, and which are put in issue by the answer, were contained in the findings, the

judgment would not be disturbed unless there was an exception for the want of a finding, or for a defective finding of facts, taken according to the provisions of the Act of 1861, to regulate appeals.   (Statutes 1861, p. 589.)   The Court is presumed to have found the facts necessary to sustain the judgment.   This point has frequently been so held.   (*Lyons* v. *Leimback*, 29 Cal. 139 ; *Hidden* v. *Jordan*, 28 Cal. 301 ; *Lucas* v. *San Francisco*, Id. 591.)

The only questions arising upon the findings in such case—if any written finding is filed—are these :  Are the findings within the issues ?   And are they consistent with the judgment ?   The question is not whether the facts found are, by themselves, or when taken in connection with those admitted by the pleadings, sufficient to sustain the judgment; for, as already remarked, the findings are, in the absence of exception, aided by the presumption that the facts in issue not contained in the finding as filed, and which are essential as a basis for the judgment, were found.

The opinion of the Judge who tried the cause, stating the evidence or his analysis of it or some portion of either, coupled with the reasons for his rulings, is always valuable, and generally of great assistance to the appellate Court in their examination of the questions arising upon motion for a new trial, or bill of exceptions or statement on appeal ; but neither the opinion nor the evidence form a part of the findings of fact, though it may happen to be incorporated therein.   The findings in this case are liable to the objections noticed in the opinion of Mr. Justice SAWYER, in *Hidden* v. *Jordan*.   We mention this matter because the defendants' points, which are based upon the findings, do not relate to facts—the ultimate facts in the case—but rather to matters of evidence or of opinion.   When we are required to examine the findings we must discard all matters merely of evidence or opinion that may be contained therein, and look to the facts alone.

The first and second points amount in effect to the same thing.   The first is, that the findings show that the plaintiffs' ditch was not completed along the line in dispute within a

reasonable time; and the second is, that it was not constructed until more than five years after the ditch below that place was constructed and used by those under whom the plaintiffs claim; and counsel insist that "diligence in the prosecution of the work is a necessary element of title." The substance of the points are that the title was not in plaintiffs because of the lack of diligence of those under whom they claim—that the rights accruing from the location of the ditch were lost or abandoned by or in consequence of their want of diligence in prosecuting the work. The fact upon which the question of diligence had any bearing was title in the plaintiffs, which was averred in the complaint and found by the Court, and therefore matter tending to prove or disprove title was matter of evidence. If it should be held that diligence in prosecuting the work after the line of the ditch was established, was an ultimate fact, the Court also found that fact. And so the objections in either view really are, that the evidence was not sufficient to prove title in the plaintiffs. Those objections can be entertained only on motion for a new trial. The finding of the delay complained of, is not necessarily inconsistent with the finding of title in the plaintiffs, for the character of the work, or surrounding circumstances may have been such, as to excuse the delay, and the delay being proven, if the defendants were of the opinion that the excuse was not valid, they had one, and only one mode of presenting the point, and that was by specifying it as a ground of their motion for a new trial.

The remaining point is that "the findings treat as of no moment the enlargement of the plaintiffs' ditch;" and as to it, we agree with the plaintiffs' counsel, that while the finding that the plaintiffs are entitled to all the water at the place in dispute remains, the capacity of the ditch or its enlargement is of no moment. At least it is not material until the defendants establish their adverse possession, a fact which the Court found against them.

Judgment affirmed.