## JOHN SNELL, *Respondent, v.* FRANK CISLER, *Appellant.*

NEW TRIAL ON THE GROUND OF SURPRISE.—A new trial will not be granted on the ground that the moving party was surprised at the testimony of his adversary at the trial, when such testimony was pertinent and within the issue, unless there was some trick or fraud perpetrated.

ID.—NEWLY DISCOVERED EVIDENCE.—A new trial should not be granted upon the ground of newly discovered evidence, where no proper diligence had been used to procure it at the trial.

FACTS ON APPEAL, WHEN REVIEWED.—Upon appeal the Court will not review the facts unless a motion for a new trial was made in the Court below upon the insufficiency of the evidence.

APPEAL from the Third District Court.

The facts are stated in the Opinion of the Court.

*Robertson & McBride,* for Appellant.

*J. G. Sutherland,* for Respondent.

EMERSON, J., delivered the Opinion of the Court.

The firm of Holbrook & Townsend contracted with the Defendant to furnish the material and erect for him a brick building in Salt Lake City.

The Defendant was bound to the contractors to pay eighty per cent. of the contract price as the work progressed, and the remainder on its completion.

Holbrook & Townsend employed the Plaintiff to do a portion of the work. They drew orders for him, from time to time, on the Defendant, on which he received from Defendant eighty per cent. of the face of the orders, or what was specified in the original contract to be due.

This action was brought to recover the remaining twenty per cent., and the complaint alleges an express agreement by the Defendant to pay this balance to the Plaintiff. The answer denies this agreement. This claim and denial form the real and vital issues in the case.

The case was tried by a referee, who found for the Plaintiff. Upon the coming in of this report, the coun-

sel for the Defendant excepted to it, and moved the Court for a new trial on the grounds of accident and surprise, and newly discovered evidence.

By the consent of parties the hearing upon this motion was referred to the referee who tried the case. The referee decided against a new trial.   On the coming in of this report, judgment was rendered against the Defendant for $793.39.

The Defendant appeals from the order denying a new trial, and from the judgment, and assigns the following grounds thereof:

1st. That the referee erred in overruling the motion for new trial.

2d. That the findings of the referee on the testimony show that the Defendant was entitled to a judgment, and do not support the judgment rendered.

3d. That such findings and judgment are not in accordance with the proofs, and are against law.

The motion for a new trial was based upon the following grounds :

1st. Accident and surprise occurring at the trial which ordinary prudence could not have guarded against.

2d. Newly discovered evidence material to the defense which the Defendant could not, with reasonable diligence have discovered and produced at the trial.

Under the first ground the Defendant insists that as the issue was as to this express agreement, " the Defendant could not anticipate that the Plaintiff would attempt to prove any such promise at any other place where he was not present ; that the proof of such promise made at the Cisler building, when Plaintiff was not present, as shown by the evidence, was not anticipated by him, nor could he be expected to be prepared to meet it; and it appears by the affidavit of the Defendant herewith filed, that he at the trial did not know that he could show by witnesses that no such promise was made at the time of the agreement for a final settlement." 

In his affidavit accompanying the motion for a new trial the Defendant states :

" I relied on my own statement as contradicting that found in the deposition of Holbrook on this point, and was advised by my counsel that there would be no necessity for anything new, unless Holbrook was corroborated by some other witness, and I knew that no other could truthfully do so."

It would seem that the accident and surprise at the trial grew out of the fact that the Plaintiff was able to produce more testimony upon the issue than the Defendant expected.

This testimony was pertinent and material to the issue, and he makes no charge that he has been misled by any trick or fraud on the part of the Plaintiff, or by any mis-statement as to what any witness would swear to. He seems to have relied wholly upon the Plaintiff's not being able to prove the issue by any other witness than Holbrook, whose deposition he must have seen before the trial, judging from the language used by him in referring to it, and thus became apprised of what the line of proof would be. Holbrook was one of the contractors. Townsend, the other contractor, was present during the whole of the settlement.

What right had the Defendant to presume that Townsend would not be called to coroborate Holbrook. In his affidavit he says :

" I had no notice that the said Townsend would be a witness in said cause, and had no reason to infer, if he was a witness that he would testify to any such fact. The same being an entire mistake, . as will more fully appear from the affidavits of other parties hereto appended. And I further state that no such agreement was made at that time with said Holbrook and Townsend, or either of them, at that time or any other time. I further state, that knowing the said statement to be incorrect, and that said Townsend was present when the final settlement was made, I had no reason to suppose he would make such a statement as he did in his testimony; and was surprised that he should do so."

He cannot be serious in urging any claim to the con-

sideration of this Court from the fact that the Plaintiff did not inform him whom he should call as witnesses. If he really believed what he states in his affidavit to be true, ordinary prudence would have dictated that he should have called the witness Townsend himself, or at least informed himself as to what his testimony would be if called. If he had attempted this and the witness had misled him, or made any mis-statement to him as to what he would testify to, and he had relied on such representations, and had not prepared himself with other testimony, it might have been a proper case for the interference of the Court on this motion. The Defendant seems to have relied upon what he thought to be the weakness of the Plaintiff's case, and not on the strength of his own.

A party will not be relieved by a new trial from a judgment on the ground of surprise consisting only of testimony which was pertinent and within the issue, where no trick or fraud is complained of. Taylor *v.* California Stage Co., 6 Cal. 228. Armstrong *v.* Davis, 41 Cal. 494.

Upon the ground of newly discovered evidence the Defendant makes the following points :

"It is shown by the affidavit of B. Y. Hampton and Geo. W. Moore, filed herewith, that no such promise was made by the Defendant at the time that Holbrook and Townsend testify he agreed and promised to pay the balance of the Snell account, and it appears from the record that no finding could have been had against the Defendant, except for the said testimony of said Holbrook and Townsend. It also appears from the affidavit of Cisler that he had exercised reasonable diligence in preparing his testimony, and did not know of this evidence until after the trial had occurred."

It appears from the testimony that on the day of this settlement the parties and Holbrook and Townsend met in the forenoon at the store of one Roberts; that some progress was made towards a settlement there. There seems to have been no disagreement about the

amount due for the work, but there was a controversy between the Defendant and Holbrook and Townsend relative to a claim for damages for non-completion of the building at the time agreed upon. I think it is clearly shown by all the testimony in the case that every thing was arranged and agreed upon at the store except this claim for damages. Pending this negotiation Holbrook and Townsend left the store. In the evening of the same day the Defendant and Holbrook and Townsend met at the building, and this claim for damages was finally agreed upon at that place. The Defendant miss-apprehends the effect of the testimony, when he states, as he does in his affidavit on the motion for a new trial, that it was established that the promise was made at the Cisler building. None of the witnesses testify that it was made there. It is shown by the affidavits of the proposed witnesses, that their evidence would be that no such promise was made at the Cisler building or later in the evening, when the negotiations were finally closed. If they had been sworn on the trial their evidence would have had no tendency to disprove what occurred at another time and place during the pendency of the negotiations. The proposed testimony therefore is not material.

And even if it was material we do not think the Defendant has used reasonable diligence in reference to it. In his affidavit he states : " That since the trial of this action I have discovered evidence that will show conclusively, as I am advised and believe, that no promise, express or implied, was made by me at the time of the settlement between Holbrook and Townsend and myself, on January 4th, 1873, to pay the amount then due to Snell for his labor on the building ; and that the allegation of the Plaintiff and the evidence by which it was sustained on the former trial, are wholly un-founded in fact. I further state, that until the trial had taken place, and the circumstances of the settlement re-vealed to my mind by the matters occurring at the trial, and by reflection upon it, I did not recollect that any

person was present at the final settlement except myself, Holbrook and Townsend.    That afterwards I recollected that the persons whose affidavits are annexed hereto were present and heard the conversation which occurred then.    Upon the trial he testified as follows :

"Afternoon we met at the building ; found it locked, and at an interview there, *with an officer present,* they first offered to take about $1,000 ; I offered $500 or $600 to get possession ; I think finally split the difference."

We cannot escape the conclusion that this newly discovered evidence is the result of giving that attention to the case after the trial that he ought to have given to it before.    He recollected on the trial that an officer was present ; this is one of the proposed witnesses ; the other witness was a tenant of the Defendant who had been locked out of the portion of the building rented by him, and he took deep interest in the settlement.

The Defendant's affidavit, so far from showing any grounds for a new trial, shows a lack of dilligence upon his part which is inexcusable.    If a party omits to procure evidence on the trial, which with ordinary dilligence he might have procured in relation to the material issue in the case, his motion for a new trial ought to be denied.

The second and third grounds of appeal go to the same point, viz.: the insufficiency of the evidence to support the findings and judgment.

We are of the opinion that a clear preponderence of the evidence are in favor of the conclusions arrived at by the referee.    Whether this is the case or not we do not think we are called upon to review the facts.    The insufficiency of the evidence was not one of the grounds for a motion for a new trial.    This Court will not review the facts unless a motion for a new trial was made, based upon the insufficiency of the evidence, and then only as an appeal from the refusal to grant a new trial.

The judgment of the Court below is affirmed.

WHITE, C. J. and BOREMAN, J., concurred.