Samuel Kahn v. The Central Smelting Company et al.

SAMUEL KAHN, APPELLANT, *v.* THE CENTRAL SMELT-
ING COMPANY ET AL., RESPONDENTS,

1. DECISION OF THE COURT—FINDING.—Where the trial of a cause is had before the court, sitting without a jury, the decision in such case, under § 180 of the Practice Act, consists of the findings of fact and conclusions of law. Such findings are the foundation for the judgment, of the court and must precede it.

2. FINDINGS, HOW REVIEWED.—When one of the errors assigned on appeal is "that the evidence does not support the findings," or "that the findings are not in accordance with the evidence," such error cannot be reviewed unless the findings are brought into the record on motion for a new trial.

3. QUERE.—Whether such findings could be reviewed on a statement on appeal from the judgment not discussed.

4. ADDITIONAL FINDINGS—WHEN STRICKEN OUT.—The additional findings of fact and conclusions of law filed in a cause, after the original finding had been filed and judgment had been entered thereon, form no part of the transcript on appeal from the judgment roll alone, and will on motion be stricken out of the record.

5. ADDITIONAL FINDINGS.—It is not competent for the court, after making its findings, and after judgment has been entered thereon, to supplement them by additional findings.

6. PARTNERSHIP, FINDING OF.—A finding "that there was no partnership between the plaintiff and the defendants," is not a conclusion of law, but is a finding of fact. (BOREMAN, J., dissenting.)

Appeal from the Third Judicial District Court.

The case was submitted on November 17, 1877, and on November 21, 1877, the court filed its findings of fact and conclusions of law, and on the same day the judge rendered a written opinion in the case.

On the 5th day of December, 1877, at the request of plaintiff, and after the judgment had been entered upon the former finding, the court caused other findings to be filed in the cause. Both sets of findings were incorporated in the trancript on the appeal, which is on the judgment roll alone.

At the January term, 1878, when the case was called for argument in the Supreme Court, the respondent moved to strike from the transcript the additional findings filed on the 5th day of December, 1877.

The other facts are stated in the opinion of the court.

*Robertson & McBride* and *Frank Hoffman*, for appellant.

There is no finding of the facts put in issue by the pleadings in this case. The finding that there was "no partnership between the plaintiff and defendants" is but a conclusion of law from facts. 19 Cal. 104; 28 Cal. 301; 30 Cal. 228; 33 Cal. 247; 42 Cal. 375; 39 Cal. 262; 3 Cal. 111, 408; 2 Cal. 306.

The second finding is equally defective. It is: " That there was no such co-tenancy between plaintiff and defendants in the mine in controversy, as entitled the plaintiff to an account." This is conclusive of law, and neither of these findings show that a single fact was proved.

*Marshall & Royle*, for respondents.

What a special verdict shall contain is stated in § 174 of the Cal. Pr. Act, and in § 175 of the Utah Pr. Act, as follows:

"The special verdict shall present the conclusions of fact as established by the evidence, and not the evidence to prove them," etc.

*Breeze* v. *Doyle*, 19 Cal., 105, is cited in appellant's brief. We also cite it as giving one test of the sufficiency of findings. That court says: " The test then of the sufficiency of the findings of fact in a court is this, would they answer if presented by a jury in the form of a special verdict?" Then follows the statutory definition of a special verdict. See also *Hihn* v. *Peck*, 30 Cal. 286; *Jones* v. *Block*, 30 Cal. 229.

The requirements as to findings is very clearly and satisfactorily set forth in *Mathews* v. *Kinsell*, 41 Cal. 514. See also *McEwan* v. *Johnson*, 7 Cal. 260.

Webster defines " Ultimate": " (1) Furthest, most remote,

Samuel Kahn v. The Central Smelting Company et al.

extreme; (2) final, being that to which all the rest is directed as to the main object, the ultimate end of our actions should be the glory of God, etc.; (3) last in the train of consequences."

Sec. 175 of our Pr. Act speaks of "conclusions of fact as established by the evidence, and not the evidence to prove them."

Findings should contain "ultimate facts," "conclusions of facts," and by steadily keeping the definitions of these words in our minds we cannot go astray, when we come to test the findings of the court in this case by them.

Without a motion for a new trial, the findings of the court are conclusive. *Gagliardo* v. *Hoberlin,* 18 Cal. 395; *Herriter* v. *Porter,* 23 Cal. 388.

If the findings are within the issues and consistent with the judgment, and if the facts found can constitute the basis of a judgment, it is sufficient. It is not required that the court shall find as to all the facts put in the issue by the pleadings. *Lyons* v. *Leimback,* 29 Cal. 140; *James* v. *Williams,* 31 Cal. 213.

Test these findings by the rule laid down in *Lyons* v. *Leimback,* 29 Cal. 140, that only those facts need be found which were necessary to constitute a basis for a judgment, " and, if for the defendants, that the facts found and those admitted should constitute a defense to the action."

Our position is that the complaint does not state facts sufficient to show any liability between plaintiff and defendants as tenants in common. But if it should be held otherwise, the same reasoning applicable to the partnership can, with the same effect, be applied to the tenancy in common. If this suit was between tenants in common, as such, the action should have been at law and not in equity. *Pico* v. *Columbat,* 12 Cal. 414; *Barnum* v. *Landon,* 25 Conn. 137.

EMERSON, J., delivered the opinion of the court, SCHAEFFER, C. J., concurring, and BOREMAN, J., dissenting:

A motion is made to strike from the transcript on appeal

the portion thereof headed "findings of fact at the request of plaintiff," on the ground that they are not properly a part of the record.

It appears that the case was tried by the court without a jury. The cause was submitted on the 17th November, 1877. Three days thereafter, on the 21st, the court filed its findings of fact and conclusions of law, and a judgment for the defendants entered on that day. The plaintiff excepted to the findings generally, as appears by the record. On the 5th day of December following, the plaintiff presented the findings covered by this motion, and at his request they were signed by the court. It was understood upon the argument, although not a part of the record, that these additional findings were presented to the attorneys for the respondents, and they were asked to consent to them, which they declined to do.

The question is, are these additional findings under these circumstances properly a part of the record?

Sec. 180 of the Practice Act provides that " upon the trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk within ten days after the trial shall have taken place. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly."

The decision consists of the findings of fact and conclusions of law. The judgment is entered upon that decision. It is apparent, therefore, that whatever of findings there are in a case must, under the provisions of our act, precede and are the foundation for the judgment.

When the objection is that the evidence does not support the findings, or that the findings are not in accordance with the evidence, it must be brought into the record on a motion for a new trial. The appeal is from the findings and judgment made and entered on the 21st November. There is no statement on appeal, and there was no motion for a new trial.

In the case of *Snell* v. *Cisler*, 1 Utah, 298, this court decided that it would not review the facts unless a motion for a

new trial was made, based upon the insufficiency of the evidence to support the verdict or findings, and then only on an appeal from the order made on such a motion. *James* v. *Williams*, 31 Cal. 211; *Cowing* v. *Rogers*, 34 Cal. 648.

The additional findings cannot be regarded as a statement, because the statutory mode pointed out for making them such has not been followed.

We do not think it is competent for the court, under our Practice Act, after making his findings, and judgment has been entered thereon, to supplement them at the request of a party by additional findings; the trial is then ended. The motion to strike the additional findings from the transcript is granted.

This motion being disposed of, the only question in the case is, do the findings support the judgment? The findings of the court are as follows, viz.:

*First*—That there was no partnership between plaintiff and defendants, as charged in the complaint.

*Second*—That there was no such co-tenancy between plaintiff and defendants in the mine in controversy as entitled the plaintiff to an account.

That the plaintiff has no right to recover in this action, and that the suit should be dismissed.

It is claimed on the part of the appellant that the first finding of fact is a conclusion of law; that the facts going to establish or disprove the existence of the partnership should have been found. From an examination of the complaint it is apparent that the fact which the plaintiff seeks to establish in the case is that there was a partnership existing between him and the defendants; that a certain mine was worked by them as partners, and the conclusion of law following would be in accordance with the prayer of the complaint, that they should account to him for ore extracted from the mine during the existence of that partnership.

The fact that there was a partnership is the ultimate fact alleged in the complaint. There are certain acts and condi-

tions and circumstances set out in the complaint, from which this ultimate fact is deduced; that is, there is in the complaint much detail of mere evidenciary facts. The material issue of fact is, however, was there a partnership? And the findings respond to this issue. This was the ultimate fact to be ascertained, and it is none the less a finding of fact because drawn as a conclusion from other facts. *Jones* v. *Clark*, 21 Cal. 132.

The judgment is in accordance with the findings and is supported by it.

The judgment of the court below is affirmed.

BOREMAN, J., delivered the following dissenting opinion:

The decision of this cause, on the final submission, turns upon the question as to whether there were any or sufficient findings of fact.

There were two alleged findings of fact, one in reference to partnership, and the other in reference to co-tenancy; but the controversy now is in regard to the first. Very little, if any, reliance seems to be placed on the other by respondents, and in the majority opinion of the court, it is not noticed. And it certainly was not the finding of any fact, but merely a legal inference. It did not say that a co-tenancy existed or that it did not, but only that "no such co-tenancy" was shown as "entitled the plaintiff to an account." I do not, therefore, deem it necessary to further consider this second alleged finding of fact, but to dismiss it as being an admitted purely legal inference or conclusion, and to proceed to examine the first.

This first finding was, in terms, " that there was no partnership between plaintiff and defendants, as charged in the complaint."

It seems to be conceded, judging from the arguments of counsel and from the opinion of the District Court filed herein, that all of the facts claimed as showing a mining partnership and alleged in the complaint, were proven. And the chief point about which contest has arisen in the cause, and upon which it was sought to have the court below and this court to

pass judgment and settle, was as to whether those facts thus alleged and proven, were sufficient to create a mining partnership, the appellant claiming that they were, and the respondents that they were not.

The court below did not make any findings of these separate facts, but simply, as stated, found that there was no partnership, which was a conclusion from these various separate facts, as is recognized in the opinion of this court filed herein. Was this conclusion one of law, or was it one of fact? If of law, then there was no finding whatever of fact; and if it were a conclusion of fact, was it a sufficient finding? If there was no findings whatever of fact, or insufficient findings, the judgment should be reversed.

The object of findings, according to the Supreme Court of California, "is to obviate the necessity of a motion for a new trial and the preparation of a statement of the evidence;" and that court further, in the same connection, says (in speaking of trials by the court) that "in a vast majority of cases there would be no occasion for a motion for a new trial, and, as incidental thereto, for the trouble, labor and expense of getting up a record upon which the motion is to be heard, if the findings were what they are designed to be, and what they ought to be; for in nine cases out of ten, where the trial is by the court, the sole controversy here is as to whether the conclusions of law are correct. In all such cases there should be, and there certainly need be, no occasion for a motion for a new trial, or for bringing the evidence to this court in any form. *Tewkesbury* v. *Magraff*, 33 Cal. 247.

Viewing the object of findings as thus set forth, I should judge that in the case under consideration, a motion for a new trial and the consequent task of preparing a statement, were wholly unnecessary, and were the exaction of that which the law never contemplated. The failure of the court below to make the proper findings, ought not to entail upon the party injured a burdensome task when the fault of the failure did not lie with him. If the court below had found the facts upon

the issues joined, this court could have passed upon the legal question involved, and been able to judge whether the court below ruled upon the law correctly or not. As it stands, this court is precluded from doing this, and not, as it seems to me, by any fault of the party aggrieved.

In the findings, the District Court treated the question of partnership as one of fact, yet in the opinion of that court filed herein, it is discussed as one entirely of law, if I have not greatly misapprehended the import of the language used. The whole argument and the decision of that court were based upon the legal proposition that *deleclus persona* was an inherent characteristic of partnership, and upon the assumption that a mining partnership was not exempt from the rule. In other words, that a mining partnership, without this quality, was a myth, a something unknown to the law, and that the law made no distinction, as to this requirement, between a mining partnership and a general, trading or commercial partnership.

The dispute between the parties hereto was not as to whether there was a failure to prove all that was alleged by the one side and denied by the other, but simply as to whether the facts alleged and proven were sufficient to create a mining partnership.

If this deduction were one of fact, the question was one upon which a jury could pass, unaided by instructions from the court as to the law? Could the question in this case have been passed upon by a jury without instructions as to the law. Clearly not. A jury under such circumstances would have been wholly at sea, with nothing to point them to a correct conclusion. Something beyond evidence and reason was needed. If this were a case where the complaint alleged simply a partnership and the answer denied it, there might have been plausibility in the position that a finding on that issue was one of fact. But such is not the condition of this case. A number of facts were charged to exist whereby a mining partnership was created, and each

fact is denied in the answer, but the court made no findings as to these separate issues. It only found, as a conclusion, that there was no partnership. But it is urged that there was no necessity for findings upon these various issues of fact, for the reason that they all converge into one "ultimate fact"— that respecting the partnership, and that therefore a finding that there was no partnership, was one of fact, and covering the whole case.

There seems to be a vagueness of meaning about these words "ultimate facts," but their general purport is the opposite of *probative, evidential* facts. *Pio Pico* v. *Cuyas*, 47 Cal. 174.

The probative or evidential facts are such as serve to establish or disprove the issues. The issues are therefore the ultimate facts.

In the majority opinion delivered, the court seems to view the words "ultimate facts" as meaning the conclusion from the facts in issue and established, rather than the issuable facts themselves, and says that the question as to a partnership, "was the ultimate fact to be ascertained, and it is none the less a finding of fact because drawn as a conclusion from other facts." This latter may be true, and yet it does not follow that a conclusion is one of fact simply because drawn from other facts. The question would still remain undecided. It might be a conclusion of law.

It is said by the court, also, in that opinion, that the other facts detailed in the complaint are "merely evidenciary facts" from which the "ultimate fact is deduced." That is the statement, but it is not a self-evident truth, and I do not know upon what it is based. I view these facts in a different light. Probative or evidential facts are not issuable, yet the parties treated the allegations of fact in this case as issuable and material. The respondents did so by answering to them.

If the partnership was the "ultimate fact" in this case, then let us suppose that respondents had moved the court below to strike out all of these facts called merely probative,

leaving simply the allegation of partnership. Could the court have sustained the motion? If they were merely probative and not issuable, the court would have been compelled to strike them out, unless it appeared that they were inducement, or aggravation or explanation, neither of which is claimed. I am inclined to think that the court would have overruled the motion, simply for the reason that these various facts were the basis of the plaintiff's claim that a partnership existed, and which the court was asked to declare to exist.

If the complaint had been demurred to as not stating facts sufficient to constitute a cause of action, in this, that no *delectus personæ* was alleged, could the court have declared that to be a question of fact, and not such as could be raised on demurrer, and therefore have overruled the demurrer? Such would have been the necessary ruling, as it seems, if the position assumed, that the question of partnership was one of fact, be correct.

If the court below had made findings, one way or the other, upon each and every one of these material issues raised by the pleadings, I am slow to believe that this court would have said that the findings were improper, as being merely of probative or evidential facts, yet if such findings were merely of probative facts they would have been improper.

Let us look at a few of these facts themselves, thus called probative merely:

The appellant's ownership of a third of the mine, and Deronso and Berassa's ownership of the other two-thirds, were in issue.

Also, the matter of arrangement between plaintiff and Deronso and Berassa as to working the mine, division of expenses and profits, etc.

Also, the matter of sale by Deronso and Berassa to defendant Morris, and of sale thereof by Morris and the delivery of possession to the other defendants, and their working of the same, etc.

Also, the question as to whether an accounting had taken place, etc.

These were some of the issues, and no doubt the facts necessary to establish and disprove each of these separate issues were probative—as serving to prove the issue, but by what process of reasoning can we conclude that the issues thus raised were merely probative? They are the "ultimate facts." The final fact to be reached on each issue raised is an ultimate fact within the meaning of the law, and this is the whole extent to which this question of "ultimate fact" goes. I cannot think that it was ever intended to mean the final conclusion arising from all of the issuable facts proven in the cause. It is the ultimate or final fact on each issue, and the conclusion drawn from the issuable facts, is one which the law dictates, and therefore a conclusion of law. Under all of the circumstances, therefore, I must conclude that the finding of the court below, as to the partnership, was one of law and not of fact.

But assuming that it was a question of fact, then the further question arises, was the finding sufficient?

We are, by both appellant and respondents, referred to the case of *Breeze* v. *Doyle* (19 Cal. 105), where the court says: "The test, then, of the sufficiency of the findings of fact of a court is this: Would they answer if presented by a jury in the form of a special verdict?"

Apply this rule to the case now before us. At common law, (or according to the practice under a very old statute,) the office of a special verdict, says Mr. Stephen, was "to find all the facts of the case as disclosed upon the evidence." Stephen on Pl. 91; 3 Bl. Com. 377.

Our Territorial statute says that "the special verdict shall present the conclusions of fact as established by the evidence." (C. L. 1400.) This manifestly contemplates various conclusions, according to the number of issues raised, and is not different from, but rather declaratory of, the common law rule. The finding upon each issue must be a conclusion of

fact as to that issue. It is the general fact which the various evidential facts taken collectively, establishes. And the statute clearly means that all conclusions of fact shall be included in the special verdict. A less number would not be a compliance with the statute. And the language also, inferentially, excludes probative facts from the special verdict.

In California a like rule prevails, and it is there said that a party is "entitled to have a finding upon every issue raised, which is essential to a determination of the case," and that "a finding should consist of a concise, distinct, pointed and separate statement of each specific essential fact established by the evidence." *Hiddon* v. *Jordan*, 28 Cal. 301.

Under the rule thus laid down by the common law, by the statute, and by decision, I do not consider that the findings in the case under review, would be held good as a special verdict; and had it been presented as such by a jury, its incompleteness would have been apparent. But this is not so readily perceived from the standpoint of the court as to its own findings when both law and fact are committed to it for determination.

As, therefore, the finding as to partnership was upon but one of the issues raised, and there are no findings as to the others, it follows that the rule, as to special verdicts, has not been complied with, and the findings should fall.

It is said, however, that whether the findings be full or not, they are sufficient to support the judgment, and that is all that is necessary. As a conclusion of law, the finding of "no partnership" might probably be sufficient for the purpose, but as a finding of fact it is not. In order to support a judgment, the findings of the court should state all the facts necessary "to constitute a basis for a judgment." *Lyons* v. *Leinbeck*, 29 Cal. 139. See, also, *Garfield* v. *M. & T. M. Water Co.*, 17 Cal. 519.

What facts are here found as the basis for the judgment? None whatever, except that of "no partnership," but that was the very point which, in the prayer of the complaint,

the court was asked to pass its judgment upon. It did adjudge it, but upon what grounds? Where are the facts to constitute a basis for the adjudication? Evidently when a party presents a number of facts and asks the court to decide whether those facts are sufficient to make out a partnership, and the court adjudges that there was no partnership, and the party asks the grounds of the decision, it cannot be that a simple answer that the facts do not show a partnership, is a finding of fact sufficient " to constitute a basis for a judgment."

But if the finding of "no partnership" were sufficient to support the judgment, that is not all that is necessary. The rule in such cases is, that if exception be duly made to the findings, the cause will be reversed if the findings do not cover all of the issuable facts. *Henry* v. *Everts*, 30 Cal. 425; *Jenkins* v. *Fink*, 30 Cal. 586; *Troy* v. *Clark*, 30 Cal. 419.

In the case before us, the findings close with the words, "to all which the plaintiff excepts." But this was unnecessary, as our statute, as it appears to me, makes ample provision to meet this class of cases. It says that where a cause has been tried by the court, and the decision, as in this case, be not made immediately after the closing of the testimony, the decision shall be deemed excepted to, without any notice to that effect. (C. L. § 1416.) The word "decision," in that section, as very plainly appears by reference to section 1405 of the Compiled Laws, embraces the findings both of fact and of law. (Civil Pr. Act, §§ 180, 191.) The majority opinion of this court also so construes it. (See opinion.)

By this statute, as it seems to me, all the appellant's rights are saved to him; and the fairness and justice of the position appears with redoubled force if the decision were rendered in the party's absence, and when he did not know that it was to have been rendered at that time. There being no findings of facts, therefore, except, at the furthest, upon one issue, the appellant should not be held bound by the decision.

For the reasons which I have given, I am unable to unite with my associates in affirming the judgment of the court below.