## THOMAS McCLUSKY, Respondent, *v*. ADAM GER-HAUSER, Appellant.

The plaintiff in an action against the maker of a promissory note, may show that the note sued on is in the possession of defendant, although that fact is not alleged in the complaint.

If the plaintiff is the owner of a promissory note, he has a right of action notwithstanding the defendant may be in possession thereof.

The plaintiff's want of possession changes the character of the proof to be introduced, but not the character of the pleadings.

A party need not plead the loss of an instrument to be allowed to introduce secondary evidence of its contents. It is only necessary to prove such loss on trial.

The rule of pleading is different where a negotiable note properly indorsed is lost. There it has been held the owner of the lost note, must of necessity resort to a Court of Chancery, because an innocent party coming into possession of the note in regular course of business, would be in a condition to maintain an action at law, rather than the one who lost it. If resort is had to a Court of Chancery, the facts giving chancery jurisdiction must be stated.

When a note sued on is in possession of defendant, the remedy is at law.

Upon notice to defendant who is in possession of note sued on, to produce the same, and failure on his part, plaintiff may prove contents.

When a party applies for a new trial on the ground of surprise, he must show that he has evidence, which, if introduced on a second trial, will probably change the result; or at least has evidence tending to rebut the point made by the other side which he complains of as a matter of surprise.

A defective finding of facts is not a ground for reversing a judgment when that defect is not noticed or complained of in the Court below.

APPEAL from an order refusing a new trial in the District Court of the First Judicial District, Storey County, Hon. CALEB BURBANK presiding.

This was an action on a promissory note for $1500 and for $800 loaned without note. The note was alleged to have been executed in April, 1864, and the money loaned without note in May, 1864.

The answer denied the execution of the note and the borrowing of the money. On trial, it appeared that in January, 1864, plaintiff had loaned defendant $5000, on mortgage. During that year, as appears by some evidence in the case, various payments had been made to plaintiff, and on receiving a payment from defendant, and a promise that another one should be made in a few days, plaintiff surrendered the $1500 note.

Subsequently the plaintiff foreclosed his $5000 mortgage, and defendant obtained a credit on that mortgage for all the payments he had made, or at least all he could prove.

The plaintiff then brought suit on the $1500 note, and the $800 loaned on account. The plaintiff admitted that he had treated the payments made as credits on the note and the $800, but after they were claimed and allowed as credits on the mortgage, he then sued for the full amount of the other claims. The defendant claimed on his motion for a new trial that he was taken by surprise when the plaintiff gave him notice to produce the note, and then proved the contents of a note said to have been delivered to him. That, from the proceedings, he supposed plaintiff had in his possession a note which he would attempt to show was executed by defendant. That the only issue he expected to meet was one as to the genuineness of the note.

The plaintiff's testimony showed the note was executed in the City of Virginia, about the 20th of April, 1864. The defendant, in his affidavits for new trial, showed that he left Virginia City early in the morning of the 20th of April, and did not return until after night.

*Pitzer & Keyser*, for Appellant.

A new trial should have been granted on the ground of surprise. From the form of the complaint, the defendant could not have anticipated the evidence which was introduced in regard to the note. On this point they cite the following authorities: Graham and Waterman on New Trials, 874, 876, 952, 962, 1002 ; 16 Cal. 87 ; 15 Cal. 502 ; 19 Cal. 36.

SECOND. The new trial should have been granted on the ground of newly discovered evidence.

That evidence was not discovered until after trial, and defendant being left in the dark as to the real issue, had no inducement before trial to look up such testimony.

The evidence is so material, that if heard it might probably produce a different result.

*Gray* vs. *Harrison*, Nevada Reports, 502.

The evidence is not cumulative. Lastly, we produce the affidavits of the intended witnesses as to what they can prove.

The new trial should have been granted on the ground of insufficiency of evidence to support the verdict.

The Court erred in not finding that the judgment in the mortgage suit was a bar to this action.

The Court erred in allowing plaintiff to introduce testimony in regard to a note which plaintiff could not produce, and had not alleged in the complaint to be lost.

*C. J. Lansing and Campbell & Seely* filed a brief for Respondent, reviewing the testimony in the case.

Opinion by LEWIS, C. J., full Bench concurring.

The first question naturally presented upon the record in this cause arises upon the admission of evidence at the trial to prove that the note sued on was in the possession of the defendant at the time of the trial, the appellant claiming that, as there was no allegation of that fact in the complaint, no evidence could properly be introduced to establish it.    In this he is clearly in error.

Such an allegation would have been entirely unnecessary.    The gist of the action is the ownership of the note, and not its possession.    Though it be in the defendant's possession, if the plaintiff be the owner, his right of action is as perfect as if it were in his own possession ; and unless the defendant deny its execution it would be unnecessary to introduce it in evidence at the trial.  · If the right of action would be complete and perfect in the plaintiff, notwithstanding the note be in the possession of the defendant, we see no necessity for an allegation of that fact in the complaint.    In pleading, it is only necessary to allege those facts which constitute the plaintiff's cause of action, or the defendant's ground of defense. In an action upon a promissory note, the fact that it is in the possession of the defendant is in no wise material to the plaintiff's right of recovery.

It merely changes the character of the evidence which he will have to produce to establish the execution of the instrument.

If it be in his own possession, the note itself is the best evidence, and he would be required to produce it ; but if it be in the defendant's possession, and he fails to produce it, the plaintiff is permitted to prove its execution and contents by secondary evidence.

Upon the rule contended for by the appellant, secondary evidence

of the contents of a written instrument could never be introduced, though the destruction of the original be proven, unless its destruction or loss be specially pleaded. We know of no rule which requires a party to plead a fact which, when established, has no effect whatever, except to admit secondary evidence to sustain his right of recovery or ground of defense. There is a material distinction between the case where the party suing had lost a negotiable promissory note before maturity, which was properly endorsed, and a case where it is in the possession of the maker, or the party against whom the suit is brought. When a note or bill payable to bearer, or properly endorsed, was lost before maturity, it was formerly held that the owner could not maintain his action upon it at all in a court of law, but was compelled to make application to the Courts of Equity for relief, for as a *bona fide* holder of such lost note taken in the ordinary course of trade would have a right of recovery on it, it would be impossible for him who had lost it to establish his right of recovery.

In equity, he who had lost a note might recover; but to entitle him to the aid of equity, it was necessary to set forth the loss of the note in his bill, because a Court of Equity will only lend its aid in those cases where there is not an adequate remedy at law. If the note were in the possession of the plaintiff, his remedy would be complete in a court of law. Hence the allegation of its loss, because necessary to bring the plaintiff within the pale of equity jurisdiction. But where the note was in the possession of the defendant, we apprehend it has never been held that the plaintiff was compelled to resort to equity for relief, or to allege the fact that the note was not in his own possession. We think it has always been held that this remedy is complete at law. (Chitty on Bills, 301.)

By the practice under the code, if the plaintiff wishes the note produced at the trial, the proper practice would be to notify the defendant to produce it; and if he fails or refuses to do so, secondary evidence of its execution may be introduced. (Section 394, Civil Practice Act.) There was no error, therefore, in admitting proof of the fact that the note was in the possession of the defendant.

McClusky v. Gerhauser.

The second point made by appellant is that the evidence thus introduced operated as a surprise upon him.

If, in fact, the note was not in his possession, he may well have complained of having been taken by surprise by the evidence of the plaintiff, for the general presumption is that the note sued on is in possession of him who brings the action upon it; and if the defendant had not convinced us by his own showing that a new trial would probably produce no different result, we would have no hesitation in saying that it should have been granted. But the evidence which the defendant presents to us, and which he claims might have been produced at the first trial had he supposed the plaintiff intended to prove that the note was in his (defendant's) possession, should not have the slightest weight in overcoming the case made out by the plaintiff, and we think could not possibly produce a different result in another trial. The case made out by the plaintiff was that, on or about the twentieth day of April, 1864, in the City of Virginia, the defendant executed and delivered the note in question to him. None of his witnesses swear positively as to the precise day of its execution and delivery. The proof which the defendant failed to produce at the trial, and which he offers to present if a new trial be granted, simply goes to prove that on the twentieth day of April, A.D. 1864, he was not in the City of Virginia. This is the only material fact sworn to by any of the witnesses whose affidavits were presented on the motion in the Court below.

That fact, if conclusively established, would not even tend to defeat the plaintiff's case, or to contradict the testimony of any of his witnesses.

It is just as probable, from the evidence of the plaintiff, that the note was executed and delivered on the nineteenth or twenty-first, as on the twentieth.

The proof, therefore, that the defendant was not at Virginia on the twentieth could have little or no weight in overcoming the case made out by the plaintiff. Had the precise day and place been positively fixed by him, evidence tending to show the defendant was not at that place upon the day fixed, would doubtless have some weight in overcoming the plaintiff's proof. But in this case no precise day is fixed. To set aside a judgment and order a new

trial, when by his own showing the surprise of which the defendant complains resuled only in depriving him of the opportunity of introducing evidence which would be no defense to the plaintiff's right of recovery, or tend to disprove his case, would be clearly erroneous.

Usually when a judgment is set aside, or a new trial is granted, it is for the purpose of correcting some error or irregularity committed at the former trial, by which the rights of the party making the application were prejudiced, or to relieve him from an injury resulting from such surprise as could not have been guarded against by ordinary prudence. If it appears that a party has suffered no injury from the irregularity or surprise complained of, the Courts have uniformly refused to award a new trial. So it is also denied, when it is evident that a second trial will not or should not change the result. When, therefore, an application is made to set aside a judgment on the ground of surprise, and it appears from the applicant's own showing that if he had not been taken by surprise the result would not have been different; or at least, unless it appears that the result of a second trial will probably be different, a new trial should not be granted. (3 Graham & Waterman on New Trials, 968 and 969.)

It is also urged by the appellant that the judgment should be reversed because the Court below failed to find whether or not a certain judgment obtained by the plaintiff against the defendant in the month of January, A.D. 1865, constituted a bar to the present action. The record does not show that this fact was called to the attention of the Court below, or that any exception was taken to that failure on the part of the Court.

When an exception is not taken in such case, the judgment will not be revised. Section 2, p. 394, Statutes of 1864–5, explicitly provides that "in cases tried by the Court without a jury no judgment shall be reversed for the want of a finding of the facts, unless exceptions be made in the Court below to the finding or to the want of finding." Upon this point, therefore, we cannot reverse the judgment.

As to the newly-discovered evidence, we have already shown that it is not of that character which would be likely to change the result of the first trial.

And unless it be probable that the newly-discovered evidence will produce a different result, a new trial should not be granted. (3 Graham & Waterman on New Trials, 1043.) The judgment of the Court below must therefore be affirmed, and it is so ordered.