J. E. HENRY *v.* G. L. EVERTS, AND P. EVERTS.

RENTS AND PROFITS IN EJECTMENT.—In an action to recover possession of land on a title acquired by a Sheriff's sale and a deed thereunder, the plaintiff cannot recover for the rents and profits which accrued during the six months after the sale allowed for redemption.

RIGHT TO RENTS AND PROFITS OF LAND.—The right of a purchaser at a Sheriff's sale to rents and profits during the time allowed for redemption, rests upon the statute; while in ejectment the right to rents and profits rests upon title or the right of possession.

EVIDENCE IN SUIT FOR RENTS AND PROFITS.—In an action by a purchaser at a Sheriff's sale to recover rents and profits during the time allowed for redemption, evidence offered by plaintiff to prove title to the land is irrelevant.

REVERSAL OF JUDGMENT FOR IRRELEVANT TESTIMONY.—A judgment will not be reversed because of the admission of irrelevant testimony, where no substantial right of the party was prejudiced thereby.

DEFECTIVE FINDINGS.—If the findings of fact are defective, and no exception is taken thereto, the presumption is that the Court passed on the point not found, and decided it properly upon evidence applicable thereto.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The defendants appealed from the judgment.
The other facts are stated in the opinion of the Court.

*Charles A. Tuttle,* for Appellants.

*Jo Hamilton,* for Respondent, argued that the testimony objected to was not material, and did not prejudice appellants; and cited *Clayton* v. *West,* 2 Cal. 382; and *Page* v. *O'Neal,* 12 Cal. 492.

By the Court, SHAFTER, J.:

On the 10th day of January, 1863, the plaintiff became the purchaser at Sheriff's sale of certain premises belonging to the defendant P. Everts. The defendants thereafter occupied the premises jointly until the 13th of February, 1864, when the plaintiff received a Sheriff's deed. This action is brought under the two hundred and thirty-sixth section of the Practice Act, to recover rents and profits during the interval. The complaint was denied and the defendants alleged, by way of special defense, that on the 28th day of March, 1864, and prior to the commencement of the present action, the plaintiff sued them in ejectment to recover the possession of the property named in the complaint and damages for the detention—they being the same damages named in the complaint herein—and that said prior action is still pending and undetermined. The trial was by the Court and the plaintiff had judgment for four hundred and eighty-five dollars, the value of the use and occupation for the six months immediately ensuing the plaintiff's purchase at the Sheriff's sale.

The Court, in its findings, has passed upon the questions of fact raised by the denials, but has failed to set forth its findings under the issue raised by the dilatory plea. In that respect the findings are defective within the meaning of the Act of 1861 (Acts 1861, p. 589, Sec. 2,) but as no exception was taken to the findings on that ground, it must be presumed not only that the Court passed on the question, but decided it properly upon the evidence applicable thereto. The plea is, furthermore, demurrable. Nothing could be legally brought within the purview of the alleged ejectment which is included in this action. The right relied on in ejectment is at common law, while this action is based upon a right conferred by statute. In the one case the wrong complained of is a tort; in the other the liability results from an occupation of land by right. The gravamen in ejectment is an ouster, which presupposes possession, or right of possession, or title, in the

plaintiff; whereas the gist of this action is a failure to pay rents under an occupancy lawfully acquired and lawfully held.

The judgment roll in *Henry* v. *Everts* was improperly received in evidence. It was offered "for the purpose of proving the plaintiff's title to the property." But the plaintiff's claim to the rents was not based upon title, and the evidence was therefore irrelevant. But we do not consider that any substantial right of the appellants could have been prejudiced by the error. The fact that the land was sold on execution as the property of P. Everts and that the plaintiff became the purchaser is charged in the complaint, and is not denied in the answer; and the occupancy of P. Everts during the six months, as found by the Court, cannot be treated as having been found from the record in question, for it was neither offered nor received for that purpose. The evidence is not reported, and we must presume that the fact of P. Everts' occupancy was made out from testimony properly admitted. As to G. L. Everts, the Court finds that the legal title to the property standing in his name at the date of the Sheriff's sale was acquired by a deed from P. Everts, fraudulent and void as to the creditors of the grantor. This fact is also entirely alien to the purpose for which the record was offered, and we must therefore intend it to have been found upon other testimony applicable to the question.

Judgment affirmed.