## GEORGE E. MORRILL v. A. L. CHAPMAN AND PHILIP LAMPLEY.

FINDINGS OF FACT—WHEN PRESUMED.—The Court, on the trial of an action of ejectment without a jury, found as facts only that the defendants at the commencement of the action were in possession of the demanded premises, claiming under their lessors, who are named, and that plaintiff deraigns title thereto under a patent from the United States Government, issued to his grantor. The Court stated as conclusions of law, that at and before the commencement of the action plaintiff was the owner and entitled to the possession of the demanded premises, that defendants were trespassers thereon; and thereupon rendered judgment for plaintiff for the possession: *Held*, first, that under the provisions of the statute of 1861, (Stats. 1861, p. 589,) and section one hundred and eighty of the Practice Act, as amended in 1866, it will be presumed that the Court found the title to the demanded premises in the plaintiff, and that he was entitled to the possession thereof; and second, in the absence of a contrary showing, it will be further presumed that the evidence sustained such implied findings.

IDEM—NEW TRIAL.—Where, in such case, notwithstanding written findings have been filed, the judgment rendered therein rests upon other findings of fact not expressed, but which will be implied, it is competent for the losing party, without excepting for the want of express findings, to move for a new trial on the ground, among others, that the evidence is insufficient to sustain the findings of the Court—under which specification he may avail himself of the insufficiency of the evidence to sustain the *implied*, as well as the expressed findings of fact.

IDEM—EVIDENCE NOT PROOF.—Where, however, in such case, the statement on motion for a new trial did not contain that part of the evidence upon the sufficiency of which the truth of said implied findings of fact depended, but showed merely that the moving party, at the trial, "introduced evidence tending to prove" a state of facts adverse to those thus impliedly found, and the express findings were clearly sustained by the evidence set out in the statement: *Held*, that the statement was insufficient to show the moving party entitled to a new trial, because it did not appear that said evidence which "tended to prove," amounted, in fact, to *proof* of said state of facts.

PRACTICE—FINDINGS IN ACTIONS OF EJECTMENT.—Where, in actions of ejectment, the parties claim under adverse or different titles, and the Court trying the cause without a jury finds as a fact that the title is in one of the parties as claimed: *Held*, that while it is not necessary, in addition, to specify in the findings the facts constituting the claim of title set up by the opposite party, yet as a matter of convenience in practice, and to facilitate the decision thereon on appeal, the adoption of such a practice is recommended.

TITLE BY MEXICAN GRANT, AND BY PATENT.—A title to land founded upon the confirmation and survey of a Mexican grant, and a patent issued in pursuance thereof, or a confirmed survey—which is now equivalent to a patent—takes effect by relation at the date of filing the petition therefor, and will prevail over a subsequent patent issued upon a purchase from the United States.

APPEAL from the District Court, Seventh Judicial District, Solano County.

This was an action brought to recover one half of a quarter section of land in Solano County, alleged to be within the limits of a Mexican grant known as the Tolenas or Armijo Grant. The facts, as set forth in the opinion of the Court concerning the titles under which the parties respectively claimed, are established by the evidence contained in the appellants' statement on motion for a new trial. The Court below tried the cause without a jury, and rendered judgment for plaintiff; from which, and from an order denying their motion for a new trial, the defendants appealed.

The other facts are stated in the opinion of the Court.

*H. H. Hartley*, for Appellants.

*E. W. McKinstry*, for Respondent.

By the Court, RHODES, J.:

A brief statement of the facts, and some of the proceedings in the cause, will materially aid in disposing of this appeal. The plaintiff claims under a patent issued in 1861, by the United States, under the public land system. The defendant, through his lessor, claims title under a Mexican grant, and the proceedings in the national tribunals for its confirmation, in which the last step was the confirmation of the survey by the District Court. The Court below found that the defendant was in possession, claiming under his lessors, and found the value of one third of the rents and profits of the premises. The only fact, stated in respect to the title, is: "That plaintiff deraigns title under a patent from the United States Government issued to Nathan W. Richardson, and holds as tenant in common with two of the members of the firm of DeWitt, Kittle & Co."

No fact was stated in the finding respecting the defendant's claim of title. Under the rule so frequently announced

by this Court in construing the statute of 1861, (Stats. 1861, p. 589,) and section one hundred and eighty of the Practice Act, as amended in 1866, it will be presumed that the Court found the title to the premises in the plaintiff, and that he was entitled to the possession. (See *Henry* v. *Everts*, 30 Cal. 426; *Sears* v. *Dixon*, 33 Cal. 326.)

As the facts recited in the written findings are, undoubtedly, sustained by the evidence, it would be useless for the defendant, in his motion for a new trial, to state as the grounds of his motion, that *such* findings were contrary to the evidence; and, under the operation of section one hundred and eighty of the Practice Act, he is driven to the necessity of attacking the *implied* findings. This, we must hold, was done in this case; for several of the specifications under the general ground "that the evidence is insufficient to justify the findings and decision," point to findings that were not expressed. The defendant, as is suggested by the plaintiff's counsel, might have excepted to the findings as defective, but he was not compelled to that course. Had the request been made for findings upon the facts upon which the defendant relies for title, doubtless the Court would have complied. That, most certainly, is the better practice in actions of ejectment, when the parties claim through different chains of title. When title is found in one party, the Court is not required to find the facts constituting the title of the opposite party, for both cannot hold the same title; but, as such a finding would greatly facilitate the decision of the cause on appeal, it is not presumed that the Court would refuse when requested.

This case affords an illustration of the convenience of the practice we have indicated, as will appear in the discussion of the only remaining point we shall notice. In the statement it is recited that the defendant "offered and gave evidence tending to establish that the land in this suit was included in the exterior boundaries of said Rancho Tolenas, and also within the boundaries of the survey of the same, as confirmed by the District Court for the Northern District of

California." The position of the defendant, and to which his argument is mainly devoted, that a title depending upon the confirmation and survey of a Mexican grant, and a patent issued in pursuance thereof—the confirmed survey now being equivalent to a patent—takes effect by relation at the date of the filing of the petition, and will prevail over a subsequent patent issued upon a purchase from the United States, is established by a long and unbroken series of decisions in this Court. (*Waterman* v. *Smith*, 13 Cal. 373; *Moore* v. *Wilkinson*, 13 Cal. 478; *Teschemaker* v. *Thompson*, 18 Cal. 11; *Leese* v. *Clark*, 18 Cal. 535; *Leese* v. *Clark*, 20 Cal. 387; *Seale* v. *Ford*, 29 Cal. 104.) The survey, of course, must include the land in dispute. But that was a fact in issue in this cause, though it was not expressly found either way. The plaintiff insists that the fact was not proven. The evidence is not set out in the transcript, and, as the fact was not found, we cannot undertake to say that it was proven. Evidence *tending to prove* the matter in issue would undoubtedly be competent evidence, but it would not necessarily be satisfactory evidence. If not satisfactory evidence, it did not amount to proof of the fact. The presumption is, that the evidence was not satisfactory; for, had it been, the Court would have found the fact, or have found generally for the defendant—there not appearing to be any controversy about the sufficiency of the title to establish the facts upon which the defendant relies for title to the land included in the survey.

As the record now stands, we cannot say that the Court erred in not finding that the survey included the lands in controversy.

Judgment affirmed.

In this case, which was decided at the October Term, 1867, Mr. Justice SANDERSON and Mr. Justice SHAFTER expressed no opinion. A petition for rehearing in the cause was finally denied at the April Term, 1868.