[No. 2,277.]

## CHARLES SMITH *v.* ROBERT CUSHING ET AL.

FINDINGS OF FACTS.—Where there are findings of facts, the presumption is that the Court has found all the facts in issue in favor of the party in whose favor the judgment is rendered, unless the contrary appears from the findings themselves.

FINDINGS OF FACTS AND JUDGMENT.—Whether there are findings of fact or not, and if there are findings, whether they cover all the issues or not, the appellate Court will not disturb the judgment, unless the appellant can show that the facts found, or some of them, are inconsistent with the judgment.

ABANDONMENT OF TOWN LOTS.—The fact that one who purchases town lots at auction, which were in the possession of his grantor, does not inclose, cultivate, or improve them, or put them to any actual use, does not show an abandonment of them.

ABANDONMENT.—To constitute an abandonment the premises must be left vacant without the intention of reclaiming the possession, and open for the occupation of any one who may choose to enter.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

In 1851 Alfred Green inclosed a tract of land containing one hundred and sixty acres in the City and County of San Francisco, and resided on it until 1853, when he sold it to D. C. Broderick, who kept the same inclosed with a fence, and cultivated it until 1859, when he died; and his executors continued to use and cultivate it until 1861, when they divided it into lots and blocks and sold the same at public auction. At the sale Charles Alpers bought two of the lots, and received a deed, and afterwards, in 1867, sold it to the plaintiff. After the sale at auction the exterior fences were not kept up, and streets were opened through the land, and many lots were built on and used as homesteads. Neither the plaintiff or his grantor inclosed or used the lots in controversy. October 2d, 1867, the defendants entered into possession of said lots and inclosed the same. On the four-

teenth day of November following this action was commenced. The plaintiff recovered judgment in the Court below.

The other facts are stated in the opinion.

*Barstow, Stetson & Houghton,* and *W. H. Patterson,* for Appellants.

The language, "except to hold the same as town or city lots," and the facts which he states in the same finding, rebut the presumption of *intention,* for they show an entire absence of any *act* throughout the period of six years, on the part of Alpers, until he made a conveyance to the plaintiff, two months before this action was brought. He was not at liberty to take six years to decide whether at the end of that time it would be to his advantage to assert a right to the property, and especially so with respect to property of this description. And the mere act of executing a conveyance at the end of that period is no evidence of previous intention. (*Wilson* v. *Cleveland,* 30 Cal. 192; *Davis* v. *Perly,* 30 Cal. 630; *Davis* v. *Butler,* 6 Cal. 510; *Glauckauf* v. *Reid,* 22 Cal. 468; *Davis* v. *Gale,* 32 Cal. 26; *Kean* v. *Canavan,* 21 Cal. 291; *Bequette* v. *Caulfield,* 4 Cal. 278.)

*Wilson & Crittenden,* for Respondents.

The correctness of the judgment is to be tested by the facts applicable to the issues, and not merely by the facts set forth in the findings; and the Court will presume that every fact admissible under the issues was not only proved, but actually found in favor of the prevailing party.

By the Court, RHODES, C. J.:

This is an action of ejectment. The defendant appeals from the judgment, and the cause comes before us on the judgment roll. The Court found for the plaintiff, and ordered

judgment accordingly. No objection was taken to the findings that, in any respect or upon any issue, they were defective. The presumption therefore is, as has repeatedly been announced (see *Henry* v. *Everts*, 30 Cal. 425; *James* v. *Williams*, 31 Cal. 211; *Sears* v. *Dixon*, 33 Cal. 326; *Emmal* v. *Webb*, 36 Cal. 197), that the Court found all the facts in issue for the plaintiff, unless the contrary appears from the findings themselves.

When the complaint states facts sufficient to entitle the plaintiff to a recovery, and the Court orders judgment for the plaintiff, whether any findings are filed or not, and if filed, whether or not they cover all the issues tendered in the action, the defendant cannot maintain the position that the facts, as found, do not sustain the judgment, unless he can show that such facts, or some of them, are opposed to, or inconsistent with, the judgment. This brings up the only question which is necessary to be considered on this appeal.

The defendants contend, that the findings show an abandonment of the premises by the plaintiff, and reliance is placed upon the eighth finding, which is as follows: "That subsequently to said auction sale, neither the plaintiff, nor his grantor, had inclosed the subdivisions or lots described in the complaint as cultivated or improved, or put the same to any actual use, except to hold the same as town or city lots." The Court had already found the possession of the plaintiff's grantor, beginning in 1851, and extending to the auction sale in 1861, when the plaintiff purchased. The eighth finding does not find the ultimate fact of abandonment; nor does it find all the probative facts, necessary to constitute that ultimate fact. The probative facts there stated, were competent evidence in support of the issue of abandonment, but were not sufficient, of themselves, to sustain that issue. It is not found among those probative facts, that the plaintiff left the premises vacant without the intention of reclaiming the possession, nor that he intended to

leave the premises open, for the occupation of any one who might choose to enter. The essential elements of abandonment have so frequently been mentioned by this Court, and *abandonment* has so often been defined, that it is unnecessary at this time to renew the discussion. There is nothing in that finding, as it now stands, which is repugnant to the judgment.

Judgment affirmed.

. Mr. Justice SPRAGUE did not express an opinion.