Warren *v.* Quill.

W. P. WARREN *et al.*, RESPONDENTS, *v.* JOHN QUILL *et al.*, APPELLANTS.

FINDINGS, WHEN ATTACKABLE AS AGAINST EVIDENCE. A motion for new trial on the ground that the evidence is insufficient to justify the findings, based upon the alleged existence of a proven fact not noticed in the findings, cannot be sustained, unless it appear that the complaining party requested a finding upon the subject.

OMISSION IN FINDINGS OF FACTS OF DEFENSE. Where certain facts have been found which are warranted by the evidence, but there is an omission to find on an issue of fact essential to the determination of the rights of the losing party, such party should except to the findings as defective and point out the issue upon which he desires a finding ; and if he fails to do so the judgment will not be reviewed.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

This was an action by W. P. Warren and Olive Warren against John Quill and Timothy Conley, to restrain the defendants from diverting the waters of a certain stream taking its rise in the foot hills and flowing over the lands of plaintiffs in Ormsby County. There were findings and decree in favor of plaintiffs. Defendants moved for a new trial, which was denied; and they then appealed from the judgment and order.

*Ellis & King,* for Appellants.

I. The stream in controversy has its source in a natural spring on the defendants' lands and flows thence to and upon the lands of plaintiffs. The only proof of any user or diversion of the water by the plaintiffs is their taking it after it reached their lands and using it for irrigation. The evidence also shows that the waters of the stream can be profitably used upon defendants' lands for irrigation; that their lands are such as to require irrigation, and that the waters

of the stream in controversy would be valuable to defendants for irrigation. The findings and conclusions of law, therefrom, are against the evidence, and the decree against the law.

II.   The decree fails to respect defendants' right to use the stream for stock or domestic purposes—in fact, severs it from their land even while it is finding its course over it, and virtually gives the plaintiffs a right to the very corpus of it when so passing.

*Robert M. Clarke,* for Respondents.

I.   The evidence supports the facts found; in other words, no fact found is contradicted by the proof. The most that can be said is that the court omitted to find these facts upon which defendants relied for their defense. But no application was made to have additional facts found; no suggestion was made that the findings were defective; nor were the findings excepted to in the court below. The defendants cannot now object for the first time that the findings were defective, or that there were no findings respecting their defense. Comp. Laws, Sec. 1669; *Morrill* v. *Chapman,* 34 Cal. 251; 25 Cal. 301. 29 Cal. 139; 41 Cal. 97; 35 Cal. 188 ; 36 Cal. 197; 45 Cal. 275; *Hixon* v. *Brodie,* 33 Cal. 237.

II.   It is true, as stated by counsel, that where appropriation is not the rule, each riparian owner is entitled to a reasonable use of the water as it passes along. But it is equally true that no use is reasonable which works actual injury and substantial damage to a proprietor below. The reasonable use contemplated by the authorities is such as is consistent with the use by others having similar rights; and no use can be reasonable which destroys the rights of others or which wholly deprives others of the benefits of the stream. To hold it a reasonable use by appellants to turn the entire stream out upon their land, and thus deny plaintiffs any part

of the water for irrigation or for domestic purposes, would destroy the common right to the stream, and establish the doctrine that one owning or acquiring land at the source of a stream may take the water and use it and deprive others below of it, no matter what their rights or necessities may be.

III. There is nothing in the suggestion that the decree is too broad. It is like all decrees in similar cases, general in its terms, making no exceptions in favor of those natural rights—such as quenching thirst—which are excepted in the very nature of things, and with which courts cannot and do not attempt to deal.

*Ellis & King*, for Appellants, in reply:

The express findings do not support the judgment; or in other words, the judgment is not fully or sufficiently supported by the express findings. It can not be supported at all without a finding express or implied, that defendants' lands are not above those of plaintiffs' on the stream. Without such an implied finding (for confessedly it is not expressly found) the findings in the case do not raise any conclusion of law whatever.

By the Court, HAWLEY, J.:

This cause was tried before the court without a jury. The court found the following facts:

" 1. The plaintiffs * * are and were at the time alleged in the complaint the owners of in fee simple and in the possession of the land and premises described in the complaint.

"2. The stream of water mentioned in the complaint flows in a natural channel over, through, and upon said land, and supplies the plaintiffs in part with water for stock and domestic purposes, and to irrigate said land and the crops grown thereon.

"3. The waters of said stream and all thereof are necessary for the irrigation of plaintiffs' said land and the crops grown thereon, and for their stock and domestic purposes.

"4. That in the year A. D. 1865, in the month of May, the plaintiffs' grantors appropriated all the waters of said stream for the irrigation of said land and for stock and domestic purposes, and ever since then, (except on the 12th day of August, A. D., 1871, when the same was diverted by the defendants) the plaintiffs and their grantors have used said water under claim of right, and adversely to all persons for the irrigation of said land, and for stock and domestic purposes during the irrigating season of each year.

"5. That on the 12th day of August, A. D. 1871, the defendants wrongfully and unlawfully diverted the water of said stream from the channel thereof, and deprived plaintiffs of the use thereof, to their injury and damage.

"As conclusions of law the court finds that plaintiffs are entitled to have and use the waters of said stream, and the whole thereof, for the irrigation of said land, and for stock and domestic purposes."

Defendants moved the court for a new trial, which was refused. Hence this appeal. The only objection urged by appellants is that the evidence adduced at the trial and embodied in the statement, "is insufficient to justify the findings, decision and judgment of the court, and that the same are against law." This objection is based upon an alleged fact which does not appear in the findings of the court, viz.: That the stream in controversy has its source in a natural spring on appellants' land, and flows thence to and upon the land of respondents. It is contended by respondents that, inasmuch as no application was made to have additional facts found, no suggestions that the findings were defective, no exceptions taken to the findings, and the evidence being sufficient to support the facts as found, the judgment should be affirmed.

Warren *v.* Quill.

The statute regulating appeals provides that "in cases tried by the court, without a jury, no judgment shall be reversed for want of a finding, or for a defective finding of the facts, unless exceptions be made in the court below to the finding or to the want of a finding; and in case of a defective finding, the particular defects shall be specifically and particularly designated; and upon failure of the court below to remedy the alleged error, the party moving shall be entitled to his exceptions, and the same shall be settled by the judge as in other cases." Comp. Laws, 1669.

In *McClusky* v. *Gerhauser*, appellant sought to reverse the judgment because the court below failed to find a certain fact. The record failed to show that the fact was called to the attention of the court below, "or that any exception was taken to that failure on the part of the court;" and it was held that "when an exception is not taken in such case, the judgment will not be revised." 2 Nev. 52.

The same statute came up for consideration in *Whitmore* v. *Shiverick*, wherein the Court said "it would have been more satisfactory if the findings had been more explicit as to the tenure" by which certain property was held; and, after citing portions of the statute, added, "in this case it seems to us, if the plaintiff thought this finding not sufficiently specific * * * he should have excepted to this finding, pointing out its particular defects. In the absence of such exceptions, we think it sufficient to support the judgment." 3 Nev. 312.

Again: In the *The State* v. *The Manhattan S. M. Co.*, where the Court held "that in some respects the court below was not sufficiently specific in its findings"—the Court said, "to make this objection available on appeal, application should have been made in the district court to correct or amend its findings. Nothing in the record appears showing that this was done. The point of objection cannot be raised for the first time in the appellate Court." 4 Nev. 336.

A similar statute, under various objections taken to appeals from judgments, and to statements on motion for new trial, has frequently been presented to the supreme court of California for interpretation, and it has universally been held that unless objections are made and exceptions taken to the findings, as specified in the statute, there is no necessity for a finding of all the facts in issue. *Warner* v. *Holman*, 24 Cal. 229; *Cook* v. *Pablo de la Guerra*, 24 Cal. 241; *Lyons* v. *Leimback*, 29 Cal. 140; *Lucas* v. *The City of San Francisco*, 28 Cal. 596; *James* v. *Williams*, 31 Cal. 212; *Merrill* v. *Chapman*, 34 Cal. 252; 35 Cal. 87; *Smith* v. *Cushing*, 41 Cal. 99; *Poppe* v. *Athearn*, 42 Cal. 617.

Each party is undoubtedly entitled to a finding upon every issue raised that is essential to the determination of his case, and the findings ought always to contain a concise statement of each specific essential fact established by the evidence; but this duty is not made obligatory upon the court unless the proper steps are taken by counsel. If the facts found by the court are contrary to, or unsupported by, the evidence, the remedy is by motion for new trial. *Green* v. *Clark*, 31 Cal. 593; *Rice* v. *Inskeep*, 34 Cal. 226; *Cowing* v. *Rogers*, 34 Cal. 652; *Prince* v. *Lynch*, 38 Cal. 531. But where, as in the present case, certain facts have been found by the court which are warranted by the evidence, and there is an omission to find on an issue of fact essential to the determination of the rights of the losing party, it is the duty of such party to except to the findings as defective and point out the issue upon which he desires a finding by the court. If he fails to do so, the judgment will not be reviewed by the appellate court.

In so far as the specifications of error permit an examination of the facts found, they warrant the conclusions reached. In making this statement, we must not be understood to intimate that a right to the use of water for agricultural purposes is to be maintained or protected under the act of

congress of July 26, 1866, unless it appears to have vested
and accrued and to be recognized and acknowledged by the
local customs, laws, and the decision of courts.    Nor that a
patent issued before the passage of the act of July 9, 1870,
is subject to any such right.    Upon these questions we ex-
press no opinion.    Nor must the inference be drawn that in
any case a riparian proprietor may take all the water of a
stream for the purpose of irrigation, to the detriment of
adjoining proprietors; for this is not the rule.

If it is a material fact whether or not "the stream of
water described in the complaint takes its source from a
spring situate and being on the land" owned by appellant
Quill, as alleged in the answer, (a question of too much
importance to be decided unless properly presented on its
merits) appellants should have excepted to the findings and
should have pointed out this particular defect, and requested
a finding thereon.    They had a remedy by following the
provisions of the statute, and must abide the consequences
which inevitably follow from such a departure from the set-
tled rules of practice.    After such a failure to comply with
the provisions of the statute they should not be allowed the
privilege they now ask, to build imaginary castles in the
shape of implied findings and then bring in evidence to
destroy this visionary superstructure.

The case of *Merrill* v. *Chapman, supra,* is in many respects
similar to this.    That was an action of ejectment, tried
before the court without a jury.    No fact was stated in the
findings respecting the defendant's claim of title.    Judg-
ment was rendered for the plaintiff.    The defendant moved
for a new trial and under the general specification of error
"that the evidence is insufficient to justify the findings and
decision," pointed to facts that were not expressed in the
findings.    The facts recited in the written findings were sus-
tained by the evidence, and it was held by the court, that

18

"it would be useless for the defendant, in his motion for a new trial, to state as the grounds of his motion, that *such* findings were contrary to the evidence; and under the operation of * * the Practice Act he is driven to the necessity of attacking the implied findings." The court after stating that the defendant might have excepted to the findings as defective, or requested the court for findings upon the facts upon which the defendant relied for title, said: "Had the request been made for findings in respect to the facts, upon which the defendant relies for title, doubtless the court would have complied. That, most certainly, is the better practice in actions of ejectment, where the parties claim through different chains of title. When title is found in one party, the court is not required to find the facts constituting the title of the opposite party, for both cannot hold the same title; but, as such a finding would greatly facilitate the decision of the cause on appeal, it is not presumed that the court would refuse, when requested."

In *Hidden* v. *Jordan*, it was held that "if the judge * * * omits to find upon any issue essential to the determination of the case, the party desiring a finding may except * * * for a defect. * * * When he excepts for defects, the 'particular defects shall be specifically and particularly designated;' that is to say, he must specify particularly the point or issue upon which he requires the court to state the fact found." 28 Cal. 304.

In *Hathaway* v. *Ryan*, it was held that "if there be a material fact in respect to which the findings are silent, this is a proper ground of exception to them; and if the court still refuses to find as to that fact, it will be error on appeal." 35 Cal. 191.

We have discussed some questions at greater length than was necessary for a decision in this particular case; because, although the principles involved are well settled by numerous decisions, there seems to be a disregard

Warren *v.* Quill.

of the provisions of the statute in relation to appeals, especially in cases tried before the court without a jury. It is to be hoped that the decisions this Court has recently been compelled to make upon preliminary objections, may have the salutary effect of remedying to some extent this erroneous practice. It is not our province to decide whether the statute is beneficial or wise. Our legitimate inquiry extends only to the question, whether or not its provisions have been substantially complied with. Where no constitutional objections appear, it is much better for counsel to adhere strictly to the letter of the statute and by so doing avoid, what is always, to us, an unpleasant duty— a decision upon points preliminary to a consideration of the merits of a case.

The judgment and order appealed from are affirmed.