The opinion of the Court was delivered by
Tilghman C. J.
[After stating the cast*.]—How far, land conveyed to partners, as tenants in common, shall be considered as partnership property,and whether it changes its na» ture and becomes personal estate, has been the subject of dis - *441 cussion in England and in some of the United States of America, but does not. appear to have been decided by this Court. Land; except for the purpose of erecting necessary buildings, is not naturally an object of trade or commerce-.' Yet there - . • .1 is no doubt, that by the agreement ot the partners,-it may be brought into the stock, and considered as personal property, so far as concerns themselves, and their heirs and personal representatives. It was so decreed by Lord' Eldon, in Ripley v. Waterworth, 7 Ves. jr. 424. But if a conveyance of land is taken to partner's as tenants in common, without mention of any agreement to consider it as stock, arid after-wards a stranger purchases from one of the partners, it would be unjust if without notice, he should be -affected by any private agreement. It.is very-material, in t.he case before the Court, that the deed from Pemberton to Harrison & Co., is a simple conveyance to them as tenants in common, and that no purchase money could have been paid out of the partnership fund, as the only consideration, was the ground rent of 100 dollars, for which each of the partners was responsible. Under.such circumstances, I do, no.t think that any case decided in England or America, goes so far as to make it subject to partnership debts, to- the prejudice of a purchaser without notice. In the case of Thompson v. Dixon, (reported in 3 Brown. Ch. Rep. 198, by the name of Thornton v. Dixon,) where land, on which there were mills for partnership purposes, was held by the partners who were •paper makers, as tenants in common, Lord Thurlow was at first of- opinion, that after the dissolution of the partnership, this estate should be considered as personal, property ; but upon reflexion, he changed his mind, arid decreed that it should retain its original nature, inasmuch as the partners had made no agreement sufficient to convert it into personal estate. This is a very strong case, as the mills were used in the partnership business. And on the authority of it, the master of the r.olls, (Sir William Grant,) founded his decrees in the cases of Bell v. Phyn, 7 Ves. Jun. 453, and Balmain v. Shore, 9 Ves. Jun. 500, In Bell v. Phyn, partners living in England, purchased an estate in the island of Granada, and paid for it out of the partnership stock. Held, that it remained real próperty. In Balmain v. Shore, fie ,partners were potters, and made use of the property in the *442 course of their business, yet the master of the rolls decreed jt t0 be reai estate, and declared that after the case of Thompson v. Dixon, “ it -was not a question which admitted of argument.” Yet it is said, that Lord Eldon has been of a different opinion. In a note to the case of Bell v. Phyn, 7 Ves.jr. 453, (American Ed. by M. Carey & Son, with notes by E. D. Ingraham, Esq.,) it appears that in the case of Selkrigg v. Davies, (1 Dowes P. C. 231,) Lord Eldon said “ his own individual opinion was, that all property involved in a partnership concern, ought to be considered as personal,” and that he afterwards decided, in the case of Townsend and others v. Deveines and others, reported in the appendix to Montague on partnership 97, that real estate was to be considered as1 personal, whére it was purchased, in whole, or in part, with partnership funds. I know of no other English cases which bear on this subject, and these were in disputes between the heirs and personal representatives of deceased partners. In the Supreme Court of New York, it was decided in the case of Coles’s administrators v. Coles, (15 Johns. 159,) which was an action by the administrators of a deceásed partner against the surviving partner, that a lot of ground and still-house, used for partnership purposes, the legal estate of which was vested in the partners as tenants in common, was to be considered, not as partnership property, but the separate property of the two partners. But I shall, now advert to two American cases, where creditors were concerned. In Goodwin v. Richardson, (11 Mass. Rep. 469,) two partners took a mortgage of real estate to secure a partnership debt. They afterwards foreclosed the mortgage, and then one of the partners died, the partnership being insolvent. It was decided that the moiety of the deceased partner was to be considered as his private real estate; but I am not quite certain, whether the decision of this case might not have been in some degree influenced by a statute of Massachusetts respecting the payment of the debts of deceased persons. In Forde v. Herron, in the Supreme-Court of Appeals in Virginia, (4 Munf. 316,) two partners took a conveyance of real property in fee, as tenants in common, which, was paid for, in part at least, out of the partnership funds, but there was no evidence of any specific agreement that it should be considered as partnership stock. One of the part *443 ners, who was indebted to the partnership, conveyed his moiety in security for a private debt of his ovvn, and it was decided, that the .other partner had no equitable lien on the property sold, because the purchaser had no notice of the transactions between the partners, but trusted to the title papers by which they appeared to be tenants in common. There is good sense in this decision and it bears strongly on the case before us. In the deed from Pemberton to Harrison Co., there is no trace of partnership, and although the defendant relies on the deed from M'Ilhenny to Martin, by which Martin took an undivided third part,'subject to a third, part of the debts then due from the pártnership, that could be no notice to one who purchased from Martin, eight years ' afterwards, that the property was to be subject to other debts subsequently contracted. ' On the subject of notice, it is a circumstance of weight, that when the mortgage was executed to the plaintiff, the glass-works were not carried on by Harrison & Co., but had been discontinued by them five years before; so that the plaintiff might well suppose, that the property was not then involved in any partnership transaction. This is a subject of very great importance, and I shall not commit myself by any general opinion on it. But certainly, where it is the intention of partners to bring real property into the common stock, it would be prudent to put their agreement on record, in order that purchasers may not be deceived. There is no decision which goes so far as to affect a mortgagee circumstanced like the plaintiff in this suit. Even Lord Eldon has not considered the property as personal, unless it was made so by the agreement of the partners, or purchased with their funds. I am therefore of opinion that the plaintiff is not to be subject to an}- partnership •debts, which wefe not contracted before the 25rth June, 18©8„>